DAWN SESTITO (S.B. #214011)
dsestito@omm.com
R. COLLINS KILGORE (S.B. #295084)
ckilgore@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

Attorneys for Defendant
Trader Joe's Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DANA WEISS, an individual, and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>TRADER JOE'S COMPANY, a California Corporation; and DOES 1 through 10,<br><br>                    Defendants. | Case No. 18-cv-01130-JLS-GJS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO STRIKE**<br><br>Judge:        Josephine L. Staton<br>Courtroom:  10A<br>Date:          November 2, 2018<br>Time:         2:30 pm |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

I.      INTRODUCTION .........................................................................................1

II.     SUMMARY OF ALLEGATIONS ...............................................................3

III.    ARGUMENT ...............................................................................................4

     A.   Legal Standards ...................................................................................4

     B.   Plaintiff's Impermissible Substantiation Claims and Conclusory
       Allegations Fail as a Matter of Law.......................................................6

         1.   Plaintiff Cannot Bring a False Advertising Action
            Demanding Substantiation for Product Representations............6

         2.   Plaintiff's Allegations Are Purely Conclusory and
            Therefore Fail to Satisfy Pleading Standards ...........................7

     C.   Trader Joe's Product Representations Amount to No More Than
       Mere Puffery .......................................................................................9

     D.   Plaintiff's Breach of Express Warranty Claims and Claims
       Alleging Violations of the CLRA, UCL, and FAL Are Patently
       Implausible........................................................................................11

         1.   A "Reasonable Consumer" Would Not Be Misled by the
            Challenged Statements .............................................................11

         2.   Plaintiff Has Not Sufficiently Alleged Actual Reliance ..........13

     E.   Plaintiff Fails to State a Claim for Breach of Implied Warranty
       of Merchantability Because Plaintiff Has Not Alleged That the
       Product Was Not Fit for Its Intended Purpose......................................14

     F.   Plaintiff's Unjust Enrichment Claims Are Premised on Failing
       California Consumer Protection-Based Claims, and Must
       Therefore Fail as Well........................................................................15

     G.   Plaintiff Cannot Proceed with a Nationwide Class.............................16

         1.   Plaintiff Cannot Apply California Law to the Claims of a
            Nationwide Class .....................................................................16

         2.   Plaintiff Cannot Bring a Nationwide Class Based on the
            Laws of Other States Without a Named Plaintiff from
            Each of Those States................................................................18

IV.     CONCLUSION .........................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ................................................................ 5

*Aloudi v. Intramedic Research Grp., LLC*,
   No. 15-CV-00882-HSG, 2015 WL 4148381 (N.D. Cal. July 9,
   2015) ................................................................................................ 6, 7, 8

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ............................................. 9, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................... 4, 5, 14

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ............................................................... 15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................... 2, 4, 7, 8

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) ......................................................... 14, 15

*Bohac v. Gen. Mills, Inc.*,
   No. 12-cv-05280-WHO, 2014 WL 1266848 (N.D. Cal. Mar. 26,
   2014) ................................................................................................... 14

*Brazil v. Dole Food Co.*,
   935 F. Supp. 2d 947 (N.D. Cal. 2013) ................................................... 5

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
   475 F. App'x 113 (9th Cir. 2012) ........................................................ 12

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
   765 F. Supp. 1467 (C.D. Cal. 1991) ...................................................... 5

*In re ConAgra Foods, Inc.*,
   90 F. Supp. 3d 919 (C.D. Cal. 2015) ................................................... 12

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Davison v. Kia Motors Am., Inc.*,
No. SACV 15–00239–CJC(RNBx), 2015 WL 3970502 (C.D. Cal.
June 29, 2015)................................................................................................17

*People ex rel. Dep't of Motor Vehicles v. Cars 4 Causes*,
139 Cal. App. 4th 1006 (2006)......................................................................12

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016).........................................................................11

*Forouzesh v. Starbucks Corp.*,
No. CV 16-3830 PA, 2016 WL 4443203 (C.D. Cal. Aug. 19, 2016)................12

*Fraker v. KFC Corp.*,
No. 06cv1284 JM(WMc), 2006 U.S. Dist. LEXIS 79049 (S.D. Cal.
Oct. 19, 2006)...............................................................................................10

*Franz v. Beiersdorf, Inc.*,
No. 14CV2241-LAB EBB, 2015 WL 4659104 (S.D. Cal. Aug. 5,
2015).........................................................................................................6, 9

*Frenzel v. AliphCom*,
76 F. Supp. 3d 999 (N.D. Cal. 2014).........................................................10, 17

*Frezza v. Google, Inc.*,
No. 5:12–cv–00237–RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22,
2013)..............................................................................................................17

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017)..........................................................12

*Hansen Bev. Co. v. Vital Pharm., Inc.*,
No. 08-CV-1545-IEG (POR), 2010 U.S. Dist. LEXIS 40990 (S.D.
Cal. Apr. 27, 2010)........................................................................................11

*Haskell v. Time, Inc.*,
857 F. Supp. 1392 (E.D. Cal. 1994)...............................................................10

**TABLE OF AUTHORITIES**
(continued)

Page

*Hindsman v. Gen. Motors LLC*,
   No. 17-CV-05337-JSC, 2018 WL 2463113 (N.D. Cal. June 1,
   2018) .......................................................................................................... 18

*Johnson v. Nissan N. Am., Inc.*,
   272 F. Supp. 3d 1168 (N.D. Cal. Aug. 29, 2017) ................................... 18

*Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*,
   No. 17-CV-01875, 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ..................... 15

*Kane v. Chobani, Inc.*,
   No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19,
   2013) .......................................................................................................... 14

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................... 5, 9

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) ................................................... 5, 6, 7, 9

*Marshall v. PH Beauty Labs, Inc.*,
   No. CV 15-02101 DDP, 2015 WL 3407906 (C.D. Cal. May 27,
   2015) ............................................................................................................ 6

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ........................................................... 16, 17

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
   107 Cal. App. 4th 1336 (2003) ........................................................... 6, 9

*Nowrouzi v. Maker's Mark Distillery, Inc.*,
   14CV2885-JAH-(NHS), 2015 WL 4523551 (S.D. Cal. July 27,
   2015) .......................................................................................................... 12

*Osborne v. Subaru of Am., Inc.*,
   198 Cal. App. 3d 646 (1988) .................................................................... 10

*Red v. Kraft Foods, Inc.*,
   No. CV 10-1028-GW AGRX, 2012 WL 5504011 (C.D. Cal. Oct.
   25, 2012) ..................................................................................................... 12

iv

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Rooney v. Cumberland Packing Corp.*,
   No. 12-CV-0033-H DHB, 2012 WL 1512106 (S.D. Cal. Apr. 16,
   2012) .......................................................................................................... 13

*Route v. Mead Johnson Nutrition Co.*,
   No. CV 12-7350-GW JEMX, 2013 WL 658251 (C.D. Cal. Feb. 21,
   2013) ............................................................................................... 5, 9, 17

*Shin v. Campbell Soup Co.*,
   No. 17-1082-DMG, 2017 WL 3534991 (C.D. Cal. Aug. 9, 2017) ..................... 15

*Stanley v. Bayer Healthcare LLC*,
   No. 11CV862-IEG BLM, 2012 WL 1132920 (S.D. Cal. Apr. 3,
   2012) ........................................................................................................ 5, 6

*Stuart v. Cadbury Adams USA, LLC*,
   No. CV 09-6295 AHM(CWX), 2010 WL 1407303 (C.D. Cal. Apr.
   5, 2010) ..................................................................................................... 13

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
   933 F. Supp. 918 (C.D. Cal 1996) .............................................................. 10

*Turner v. City & Cty. of S.F.*,
   788 F.3d 1206 (9th Cir. 2015) ..................................................................... 4

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................... 5

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) .................................................. 10, 14

*Welk v. Beam Suntory Imp. Co.*,
   124 F. Supp. 3d 1039 (S.D. Cal. 2015) ....................................................... 11

*In re Wellbutrin XL Antitrust Litig.*,
   260 F.R.D. 143 (E.D. Pa. 2009) ................................................................. 18

*Williams v. Beechnut Nutrition Corp.*,
   185 Cal. App. 3d 135 (1986) ...................................................................... 13

v

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Williams v. Gerber Prod. Co.,*
   552 F.3d 934 (9th Cir. 2008) ................................................................ 12

**Statutes**

Cal. Bus. & Prof. Code § 17500 *et seq* ................................................. 1

Cal. Bus. & Prof. Code § 17535 .......................................................... 13

Cal. Civ. Code § 1750 *et seq.* ............................................................... 1

Cal. Com. Code § 2314(2)(f) ................................................................. 1

**Rules**

Fed. R. Civ. P. 9(b) .............................................................. 2, 5, 7, 9

Fed. R. Civ. P. 12(b)(6) ......................................................................... 4

Fed. R. Civ. P. 12(f) .............................................................................. 5

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.      INTRODUCTION

3         Trader Joe's Alkaline Water (the "Product") is a satisfying mineralized water

4    that refreshes and hydrates with an elevated pH of 9.5+, ionized to achieve the

5    perfect balance.  These words—at issue in Plaintiff Dana Weiss's Class Action

6    Complaint ("Complaint" or "Compl.")—appear on the label and in the marketing

7    materials for the Product.  Plaintiff claims, on behalf of herself and a nationwide

8    class and California subclass of other similarly situated persons, that these phrases

9    along with plus symbols that appear on the label deceptively induced her to

10   purchase the Product at a premium price over other bottled or tap waters because

11   the words and symbols "connot[e] non-existent health benefits."  (Compl. ¶ 22.)

12   Plaintiff further claims, without any supporting facts, that the pH of the Product she

13   purchased and consumed was "far less on the pH scale" than 9.5.[1]  (*Id.* ¶ 47.)

14        Based on her unsupported and conclusory allegations, Plaintiff alleges six

15   causes of action that can be generalized into two broad categories—that Trader

16   Joe's allegedly falsely advertised the Product by (i) labeling the alkaline water as

17   having a pH of at least 9.5 when the pH was allegedly much lower;[2] and

18   (ii) labeling the bottle with hundreds of plus symbols and the words "ionized to

19   achieve the perfect balance" and "refresh and hydrate," which, taken together,

20   amount to "false health claims" intended to mislead consumers into purchasing

21   alkaline water at a premium price over ordinary bottled water.  The claims fail and

22   the Complaint should be dismissed with prejudice.

23

24   [1] Although extraneous facts cannot be considered on a Motion to Dismiss, Plaintiff
     is wrong.  The Product is regularly tested to confirm a pH of at least 9.5.

25   [2] The six causes of action are (1) breach of express warranty; (2) unjust enrichment;

26   (3) violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ.
     Code § 1750 *et seq.*; (4) violations of California's Unfair Competition Law

27   ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) violations of California's
     False Advertising Law ("FAL"), *id*. § 17500 *et seq.*; and (6) breach of implied

28   warranty of merchantability in violation of Cal. Com. Code § 2314(2)(f).

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

As an initial matter, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Ninth Circuit and California authority make clear that a false advertising claim cannot be premised on "substantiation claims"—that is, claims asserting that the challenged advertising does not have adequate scientific substantiation.  Instead, a plaintiff must plead facts to support the allegation that the advertising is actually false.  Plaintiff has not done so here.  Stripped of the impermissible substantiation allegations (the crux of the case), the Complaint offers only conclusory allegations that not only lack any pleaded factual support, but are untrue.[3]  These allegations fall short under any standard, and certainly fail to satisfy the heightened pleading requirements under Federal Rule of Civil Procedure 9(b).

Moreover, Plaintiff has failed to show that the statements in question amount to more than mere puffery or that a reasonable consumer could be misled into thinking that words like "balance," "refresh," and "hydrate" amount to an affirmative health claim.  Plaintiff does not even adequately allege that she relied on any representations before purchasing the Product.  Because she has not alleged the alkaline water she bought was not fit for consumption, Plaintiff also fails to state a claim for breach of implied warranty of merchantability.  Nor can Plaintiff bring unjust enrichment claims premised on meritless false advertising claims: because the false advertising claims fail, so must the unjust enrichment claim.  Finally, nationwide class certification is inappropriate where, as here, the Complaint impermissibly seeks to apply California law to the claims of a putative nationwide class.

Trader Joe's has not falsely advertised its Product in any way, and dismissal is appropriate as to each of Plaintiff's claims.  For these reasons, the Complaint should be dismissed with prejudice.

---

[3] Each lot of the Product undergoes testing to ensure that the Product has a pH of 9.5 or above before sale.

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

## II.    SUMMARY OF ALLEGATIONS

Plaintiff Dana Weiss filed this consumer class action against Trader Joe's on June 26, 2018. (Dkt. No. 1.) According to Plaintiff, Trader Joe's made "deceptive promotional claims" about the Product that are "false and misleading by competent, reliable scientific evidence" by labeling the Product with the words "ionized to achieve the perfect balance" and "refresh and hydrate," along with "hundreds of plus symbols[,] … a universal sign of gaining health." (Compl. ¶ 2.) Plaintiff also contends, without any supporting facts, that Trader Joe's falsely claims that the Product has a pH of at least 9.5 "even though the actual pH at the time of purchase and consumption was far less on the pH scale." (*Id.* ¶¶ 21, 23, 47.)

In addition to the Product label, Plaintiff points to Trader Joe's "Fearless Flyer" online and printed marketing materials as containing false and misleading claims. (*Id.* ¶ 22.) The materials read: "The mineralized water is purified through reverse osmosis, then run through electric currents (electrolysis), which changes the structure of the water and raises the pH to 9.5+ (neutral pH of water is 7) … [w]hether you've just eaten an abundance of corn or cranberries (foods high in acid); or you've been sweating profusely; and/or you've been reading this Flyer (because obviously that would make you thirsty) our Alkaline Water + Electrolytes is a drink that can satisfy."[4] (*Id.* ¶ 22.)

Plaintiff construes the statements on the Product label and in the marketing materials as standalone evidence that Trader Joe's "persistently and pervasively market[ed] [its] product as a superior source of hydration worthy of a premium price over other bottled water." (*Id.* ¶ 26.) In Plaintiff's words, the plus symbols on the packaging next to the words "refresh and hydrate" "connot[e] non-existent

---

[4] With respect to these three representations, Trader Joe's assumes that Plaintiff is not challenging those portions of the representations asserting (i) "pH is the measure of acidity and alkalinity"; (ii) "[t]he higher the pH, the greater the alkalinity"; and (iii) "[t]he mineralized water is purified through reverse osmosis, then run through electric currents (electrolysis), which changes the structure of the water." These statements cannot plausibly be disputed.

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

health benefits" without describing how, or what the words "health benefits" mean. (*Id.* ¶ 22.)  According to Plaintiff, Trader Joe's "prey[s] on consumers by misleadingly claiming that the product gives them 'balance'" and that "there is no reliable scientific evidence that the water gives a consumer scientific 'balance.'" (*Id.* ¶¶ 3–4.)  However, nowhere does Plaintiff (1) define "balance" or "scientific balance," (2) point to the "scientific evidence" she purports to invoke, or (3) point to any example of Trader Joe's claiming that its Product "gives a consumer scientific 'balance.'"  As to the word "refresh," Plaintiff only states that "there is no study supporting the notion that Trader Joe's water helps a consumer … 'refresh,'" without defining the term "refresh" or explaining why a scientific study would be needed to support Trader Joe's marketing terminology.  (*Id.* ¶ 47.)  Plaintiff claims that the pH of the Product was "far less" than 9.5 at the time she purchased and consumed the Product, but alleges no facts to support this assertion.  (*Id.*)

Plaintiff contends that Trader Joe's made "fraudulent," "deceptive," "false," and "misleading" claims, causing Plaintiff and other similarly situated class members to purchase the Product at a "premium price," which Plaintiff believes entitles the consumer class to injunctive relief, restitution, damages, and attorneys' fees. (*Id.* ¶¶ 1, 14, 26, 27, pp. 25–26.)

## III.   ARGUMENT

### A.   Legal Standards

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also* Fed. R. Civ. P. 12(b)(6); *Turner v. City & Cty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015).  A claim is "plausible on its face" only when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  While a court must accept factual allegations as true at this stage, a pleading like the

Complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 678; *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

Moreover, claims that hinge on fraud, like those asserted here, must be pleaded with particularity under Rule 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) applies to 'averments of fraud'"); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) to UCL and CLRA claims); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963–64 (N.D. Cal. 2013) (applying Rule 9(b) to CLRA, FAL, and UCL claims); *see Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1470–71 (C.D. Cal. 1991).  Under Rule 9(b)'s heightened pleading standard, the complaint must describe the allegedly fraudulent statement, who made the statement, where and when it was made, that it was false when made, and how it was false.  *Kearns*, 567 F.3d at 1124.  All "averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule 9(b)."  *Id.*

With respect to burden of proof, a plaintiff asserting claims under California's Consumers Legal Remedies Act ("CLRA") and California's Unfair Competition Law ("UCL") bears the burden of proving that the challenged representations are false or misleading.  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017); *Stanley v. Bayer Healthcare LLC*, No. 11CV862-IEG BLM, 2012 WL 1132920, at *3 (S.D. Cal. Apr. 3, 2012).

Finally, under Rule 12(f), the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). A court may strike nationwide class allegations under Rule 12(f) if they are unsustainable on the face of the complaint.  *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW JEMX, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013).

**B.     Plaintiff's Impermissible Substantiation Claims and Conclusory Allegations Fail as a Matter of Law**

**1.     Plaintiff Cannot Bring a False Advertising Action Demanding Substantiation for Product Representations**

To support its assertion that the Product's representations are false and misleading, the Complaint offers only impermissible substantiation claims and conclusory allegations.  This is insufficient as a matter of law, and the claims should be dismissed on this basis alone.

"[F]irmly established" law "preclude[s] private citizens from bringing actions that allege that the challenged advertising language lacked proper scientific substantiation."  *Kwan*, 854 F.3d at 1095–96; *Franz v. Beiersdorf, Inc.*, No. 14CV2241-LAB EBB, 2015 WL 4659104, at *2 (S.D. Cal. Aug. 5, 2015) ("[A] private plaintiff may not bring UCL or CLRA claims based on a claim made in advertising that is merely unsubstantiated."); *Aloudi v. Intramedic Research Grp., LLC*, No. 15-CV-00882-HSG, 2015 WL 4148381, at *3 (N.D. Cal. July 9, 2015) ("It is well settled that private litigants may not bring claims on the basis of a lack of substantiation."); *Marshall v. PH Beauty Labs, Inc.*, No. CV 15-02101 DDP, 2015 WL 3407906, at *3 (C.D. Cal. May 27, 2015) ("Under California law, substantiation claims may not be brought by private consumers."); *Stanley*, 2012 WL 1132920, at *3 ("Private individuals may not bring an action demanding substantiation for advertising claims.").

Because there is no private cause of action for claims based on lack of substantiation, a private plaintiff seeking to assert false advertising or unfair competition claims must affirmatively plead facts showing falsity "established by testing, scientific literature, or anecdotal evidence."  *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1348 (2003); *Kwan*, 854 F.3d at 1091 (explaining that a plaintiff "must allege facts affirmatively disproving Defendant's claims").  *Kwan* is instructive.  There, a plaintiff's false

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

advertising claims under the UCL and CLRA were dismissed where plaintiff attacked defendant's study supporting the benefits of its product rather than alleging facts supporting the assertion that the representations were not true. *Kwan*, 854 F.3d at 1092. Specifically, the plaintiff alleged, "[t]here is no Credible Scientific Evidence" to support defendant's representations, "[t]he only study … is not an example of scientific evidence recognized by experts," and [t]he study is arguably incredible." *Id.* The court concluded that these allegations "d[id] nothing to support or prove the falsehood of the claims" and were instead "simply an allegation that defendant's marketing claims lack scientific substantiation" and therefore required dismissal. *Id.*

### 2. Plaintiff's Allegations Are Purely Conclusory and Therefore Fail to Satisfy Pleading Standards

Courts must also dismiss a complaint that, once stripped of its impermissible substantiation claims, only consists of conclusory allegations regarding the falsity of the product's representations. *See Aloudi*, 2015 WL 4148381, at *5. In *Aloudi*, plaintiff alleged that defendant's representations were false because "there is a scientific consensus that 'magic pills' containing caffeine and green coffee extract, such as [the product], do not and cannot provide significant reductions in weight loss alone." *Id.* The court dismissed the complaint because this allegation was "purely conclusory" and "d[id] not satisfy *Twombly*." *Id.* The court also rejected the allegation that plaintiff used the product and it "did not work as advertised, nor provide any of the promised benefits," reasoning that "Plaintiff's anecdotal experience is not described with the specificity required by Rule 9(b)," and "more must be said to state a claim than 'the product did not work.'" *Id.*

As in *Kwan*, impermissible lack of substantiation claims are the crux of the Complaint here. *See* 854 F.3d at 1092. The Complaint alleges:

- "[T]here is no genuine scientific research and there are no scientifically reliable studies in existence that support the

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

extraordinary claims of Defendants, or that alkaline branded water

provide [*sic*] a superior benefit to a consumer."  (Compl. ¶ 4.)

- "[T]here is no reliable scientific evidence that the water gives a
  consumer scientific 'balance.'"  (*Id.*)

- "Even if there are any reports, they are subject to reasonable critique."
  (*Id.*)

- "The Defendants did not undertake any study before marketing their
  product."  (*Id.* ¶ 23.)

- "Defendants do not have a single study to show that their water is
  'perfectly balanced' or will provide added hydration compared to other
  water."  (*Id.*)

- "[T]here is a lack of genuine and reliable scientific support for a claim
  that alkaline branded water provides any more benefit to a consumer
  than typical water, or that they can hydrate, or that they can provide
  the 'perfect balance.'"  (*Id.* ¶ 26.)

The Complaint's remaining allegations are "purely conclusory" and therefore insufficient to survive a motion to dismiss.  See *Aloudi*, 2015 WL 4148381, at *5. Plaintiff contends that the Product's representations as to pH level are false, claiming that "the actual pH at the time of purchase and consumption was far less on the pH scale," and "[t]he water is more acidic than as represented."  (Compl. ¶¶ 23, 47.)  Plaintiff pleads no facts that would support these conclusions.  Plaintiff's other assertions are no different: the Complaint baldy asserts that "[t]he make-up of Trader Joe's Alkaline Water does not provide any of the benefits Defendants say it does."  (*Id.* ¶¶ 2, 22.)

These assertions do not satisfy *Twombly*, which requires "more than labels and conclusions" to state a claim.  550 U.S. at 555; *Aloudi*, 2015 WL 4148381, at *5.  The Complaint does not contain a single alleged fact based on "testing, scientific literature, or anecdotal evidence" demonstrating that the representations

are false or misleading. *King Bio*, 107 Cal. App. 4th at 1348. Courts have made clear that vague assertions like Plaintiff's reference to "[a]rticles and publications written by licensed Doctors and PhD's, [which] have concluded that pH water provides no health benefit or hydration improvement" (Compl. ¶ 20) will not suffice. *See, e.g.*, *Route*, 2013 WL 658251, at *5 (holding that "merely alleging that unidentified experts or studies have demonstrated that Defendant's representations are false" will not render Plaintiff's claims viable). Glaringly absent from the Complaint is any allegation that Plaintiff reliably tested the Product's pH level, or how the Product's representations might otherwise be demonstrably false. *Cf. Franz*, 2015 WL 4659104, at *2 ("A claim can survive a lack of substantiation challenge by, for example, alleging studies showing that a defendant's statement is false.").[5] The Complaint's barebones assertions are insufficient under any pleading standard, but certainly fail to meet the heightened requirements under Rule 9(b). *See Kearns*, 567 F.3d at 1124.

Supported only by impermissible substantiation claims and conclusory allegations, all of Plaintiff's claims should be dismissed. *See Kwan*, 854 F.3d at 1096–97 ("Since California law does not provide a private cause of action for claims that advertising lacks substantiation, the failure to allege specific facts pointing to actual falsehood constitutes a fatal flaw.").

### C. Trader Joe's Product Representations Amount to No More Than Mere Puffery

Plaintiff's false advertising claims are meritless as the statements complained of are generalized, vague, and highly subjective—in other words, "mere puffery." Generalized and unspecified advertising assertions constitute "mere puffery" upon which a reasonable consumer could not rely. *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005). Thus, words like "quality," "reliability,"

---

[5] Plaintiff cannot reasonably make such allegations, as Trader Joe's will be able to show that the Product is routinely tested before sale to verify the stated alkalinity.

and "performance" are non-actionable puffery.  *Id.*; *see also Osborne v. Subaru of Am., Inc.*, 198 Cal. App. 3d 646, 660 (1988) ("Sellers are permitted to puff their products by stating opinions about the quality of the goods so long as they don't cross the line and make factual representations about important characteristics like a product's safety"); *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 931 (C.D. Cal 1996) (finding that a statement "incapable of objective verification" cannot be expected to induce reasonable consumer reliance).

Advertising statements are similarly not actionable if they consist of "vague, highly subjective claims as opposed to specific, detailed factual assertions." *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1011–12 (N.D. Cal. 2014) (finding alleged statements on the box of a fitness-tracking wristband, including "understand your sleep and wake up refreshed," were not actionable under California's consumer protection statutes); *Fraker v. KFC Corp.*, No. 06cv1284 JM(WMc), 2006 U.S. Dist. LEXIS 79049, at *9–11 (S.D. Cal. Oct. 19, 2006) (holding that no reasonable consumer would rely upon statements including "all foods can fit into a balanced diet plan" and "[y]ou can enjoy fast food as part of a sensible balanced diet" as specific representations as to health, quality, or safety).

Plaintiff claims that the statements "ionized to achieve the perfect balance," "refresh and hydrate," and "a drink that can satisfy," taken together with "hundreds of plus symbols," are false and misleading.  (Compl. ¶ 2.)  These vague and subjective statements, however, cannot serve as the basis for any consumer protection claims because the statements lack any specific factual assertions on which a reasonable consumer could rely.  These statements do not promise, guarantee, or even mention any health benefits that might result from consuming the Product.  On this basis, numerous federal district courts have rejected similar language as being non-actionable.  *See, e.g.*, *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 895 (C.D. Cal. 2013) (dismissing claims on the grounds that

describing a soda as "premium" was puffery because term had no concrete, discernable meaning); *Hansen Bev. Co. v. Vital Pharm., Inc.*, No. 08-CV-1545-IEG (POR), 2010 U.S. Dist. LEXIS 40990, at *28 (S.D. Cal. Apr. 27, 2010) (granting summary judgment on false advertising claims because advertising an energy shot as leaving consumer "amped to the max" and "ready to tear apart the weights" was not actionable); *Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1042–44 (S.D. Cal. 2015) (dismissing claims with prejudice because labeling bourbon as "handcrafted" was non-actionable puffery).

The statements at issue are highly subjective and incapable of objective verification, and as a result, any consumer protection claims must fail as a matter of law.  Indeed, Plaintiff visibly grapples with the inherent inability to objectively define "balance," "hydrate," and "refresh" in the Complaint, saying that the words' connotation—not the objective definition—implies health benefits.  (Compl. ¶ 22.) The statements are too generalized, vague, and ambiguous to constitute specific factual representations.  Hence, Plaintiff is unable to specify what health benefits they promise, but fail to deliver, to consumers.

Plaintiff's false advertising claims regarding the "hundreds of plus symbols" and the words "ionized to achieve the perfect balance," "refresh and hydrate," and "a drink that can satisfy" should thus be dismissed with prejudice.  There is no amendment Plaintiff could make that would sufficiently allege that these statements amount to a misleading health claim about the Product.

**D.    Plaintiff's Breach of Express Warranty Claims and Claims Alleging Violations of the CLRA, UCL, and FAL Are Patently Implausible**

**1.    A "Reasonable Consumer" Would Not Be Misled by the Challenged Statements**

Plaintiff's express warranty, CLRA, UCL, and FAL claims also fail because Plaintiff has not shown that the Product's representations are likely to deceive a reasonable consumer.  *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)

11

1  ("Plaintiff's claims under the California consumer protection statutes are governed

2  by the 'reasonable consumer' test."); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d

3  919, 985 (C.D. Cal. 2015) ("[C]lass treatment of breach of express warranty claims

4  is only appropriate if plaintiffs can demonstrate that the alleged misrepresentation

5  would have been material to a reasonable consumer.").

6      The "reasonable consumer test" requires a plaintiff to show that members of

7  the public are likely to be deceived. *Williams v. Gerber Prod. Co.*, 552 F.3d 934,

8  938 (9th Cir. 2008). "The likely-to-be deceived standard requires a probability that

9  a significant portion of the general consuming public or of targeted consumers,

10  acting reasonably in the circumstances, could be misled." *People ex rel. Dep't of*

11  *Motor Vehicles v. Cars 4 Causes*, 139 Cal. App. 4th 1006, 1016 (2006) (quotations

12  omitted). Dismissal is appropriate "[w]here a court can conclude as a matter of law

13  that members of the public are not likely to be deceived by the product packaging."

14  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017).

15      In fact, courts routinely dismiss California consumer law claims, particularly

16  in the food litigation context, where plaintiffs fail to allege conduct that would

17  deceive a reasonable consumer. *See*, *e.g.*, *Carrea v. Dreyer's Grand Ice Cream,*

18  *Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) (a reasonable consumer would not

19  believe that ice cream is healthier than competing ice creams solely because of its

20  "Original" and "Classic" descriptors); *Forouzesh v. Starbucks Corp.*, No. CV 16-

21  3830 PA (AGRX), 2016 WL 4443203, at *3 (C.D. Cal. Aug. 19, 2016) (a

22  reasonable consumer would know that Starbucks Grande iced tea would contain

23  ice); *Nowrouzi v. Maker's Mark Distillery, Inc.*, 14CV2885-JAH-(NHS), 2015 WL

24  4523551, at *7 (S.D. Cal. July 27, 2015) (a reasonable consumer would not think

25  that "handmade" meant no equipment or automated process was used to

26  manufacture whiskey); *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW AGRX,

27  2012 WL 5504011, at *4 (C.D. Cal. Oct. 25, 2012) (a reasonable consumer would

28  "be familiar with the fact of life that a cracker is not composed of primarily fresh

vegetables"); *Rooney v. Cumberland Packing Corp.*, No. 12-CV-0033-H DHB, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) ("a reasonable consumer could not be led to believe that Sugar in the Raw contains unprocessed and unrefined sugar").

Plaintiff alleges that she purchased the Product because she sought "a product that would balance pH internally," or "give[] a consumer scientific 'balance.'" (Compl. ¶¶ 4, 9.)  As detailed above, the Product's statements, "ionized to achieve the perfect balance" and "refresh and hydrate" (*id.* ¶ 2), are "[g]eneralized, vague, and unspecified assertions, [which] constitute 'mere puffery' upon which a reasonable consumer could not rely." *Rooney*, 2012 WL 1512106, at *3.  Moreover, no reasonable consumer would interpret the statement "ionized to achieve the perfect balance" to mean the Product balances the *consumer's* internal pH.  Rather, the phrase clearly refers to the ionization of **the Product** and its resultant pH balance. *See Stuart v. Cadbury Adams USA, LLC*, No. CV 09-6295 AHM(CWX), 2010 WL 1407303, at *3 (C.D. Cal. Apr. 5, 2010) (where "allegations of consumer deception defy common sense and are contradicted by the actual advertising claims made by [the Product]," the claims are properly dismissed).  Because no reasonable consumer could be confused by the Product's representations as Plaintiff claims to have been, she fails to state viable express warranty, CLRA, UCL, and FAL claims.

### 2.   Plaintiff Has Not Sufficiently Alleged Actual Reliance

Those same claims also fail because Plaintiff has not sufficiently alleged that she reasonably relied on terms of an express warranty or any actual misrepresentations. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986) (holding that, to plead a claim for breach of express warranty, the plaintiff "must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury"); Cal. Bus. & Prof. Code § 17535 (a plaintiff must allege she relied on the

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

defendant's misrepresentation and that she suffered economic injury as a result to have standing under the CLRA and FAL); *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013) (reliance is a required element of the UCL if the claims are grounded in alleged misrepresentations).

Plaintiff here has not adequately alleged reliance.  While Plaintiff asserts that "she relied" on the statements (Compl. ¶¶ 8, 9, 11), she fails to offer any facts in support of this conclusory statement.  Even at the motion to dismiss stage, "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.

**E.    Plaintiff Fails to State a Claim for Breach of Implied Warranty of Merchantability Because Plaintiff Has Not Alleged That the Product Was Not Fit for Its Intended Purpose**

Plaintiff also fails to state a claim for breach of implied warranty of merchantability because she has not alleged the alkaline water she bought was not fit for its intended purpose—consumption.  *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (the warranty of merchantability "provides for a minimum level of quality"); *Bohac v. Gen. Mills, Inc.*, No. 12-cv-05280-WHO, 2014 WL 1266848, at *9-10 (N.D. Cal. Mar. 26, 2014) (dismissing claims lacking allegations that products were not fit for consumption because they were inedible or contaminated); *Viggiano*, 944 F. Supp. 2d at 896 (dismissing claims where plaintiff had not alleged the diet soda at issue lacked "even the most basic degree of fitness for ordinary use" or was not "suitable for use as diet soda" because, for example, it was "not drinkable, ... was contaminated or contained foreign objects").

Here, Plaintiff alleges only that Trader Joe's breached the implied warranty of merchantability "in that the [*sic*] does not create the perfect balance, and does not create any health benefit, as set forth in detail herein."  (Compl. ¶ 87.)  These vague and conclusory assertions, that the Product "does not create the perfect balance" or "create any health benefit," are irrelevant to the Product's fitness for consumption.

14

1  Trader Joe's Product more than exceeds the "minimum level of quality" required to

2  meet the Ninth Circuit's test in *Birdsong*, and Plaintiff's breach of implied warranty

3  of merchantability claims should therefore be dismissed with prejudice.

4  **F.    Plaintiff's Unjust Enrichment Claims Are Premised on Failing**
        **California Consumer Protection-Based Claims, and Must**
5        **Therefore Fail as Well**

6        Plaintiff's unjust enrichment claim is premised on the meritless allegations

7  that Trader Joe's falsely advertised its Product, and therefore must likewise be

8  dismissed.

9        As a preliminary matter, there is no standalone unjust enrichment claim in

10  California, although the Ninth Circuit has held that a claim for unjust enrichment is

11  synonymous with a quasi-contract claim seeking restitution, which is actionable

12  under California Law.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th

13  Cir. 2015).  The *Astiana* court found that the plaintiff adequately pleaded a "false

14  and misleading" labeling claim, and that therefore a quasi-contract cause of action

15  could follow.  *Id.*

16        Here, however, the false and misleading claims themselves are wholly

17  meritless, and therefore any quasi-contract or unjust enrichment claim attached to

18  those allegations must fail as well.  Indeed, numerous district courts have required

19  plaintiffs to adequately plead their claims under the California consumer protection

20  statutes before proceeding with a contingent unjust enrichment claim.  *See*

21  *Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-01875, 2017 WL

22  4286577, at *7–8 (C.D. Cal. Sept. 20, 2017) (dismissing unjust enrichment claims

23  that derived from meritless false and misleading representation claims); *Shin v.*

24  *Campbell Soup Co.*, No. 17-1082-DMG (JCx), 2017 WL 3534991, at *8 (C.D. Cal.

25  Aug. 9, 2017) (an unjust enrichment claim premised on the same allegedly

26  deceptive, fraudulent, and misleading labeling conduct underlying UCL, FAL, and

27  CLRA claims failed for the same reason as the false advertising claims, namely,

28  that Plaintiff did not plausibly allege either detrimental reliance or that the product

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

1    statements were untrue).

2        Referencing its false advertising arguments, the Complaint even states that

3    the unjust enrichment claims are the "direct and proximate result of Defendants'

4    misconduct as set forth above." (Compl. ¶ 53.) For the same reasons Plaintiff's

5    false advertising claims should be dismissed, Plaintiff's wholly derivative unjust

6    enrichment claims must also be dismissed.

7    **G.    Plaintiff Cannot Proceed with a Nationwide Class**

8        **1.    Plaintiff Cannot Apply California Law to the Claims of a
9                Nationwide Class**

10       The Complaint also impermissibly seeks to apply California law to the

11   claims of a putative nationwide class. In *Mazza v. American Honda Motor Co.*, 666

12   F.3d 581 (9th Cir. 2012), the plaintiffs—just like Plaintiff here—asserted claims

13   under the CLRA, FAL, and UCL, as well as a claim for unjust enrichment, and

14   sought to certify a nationwide class as to all these claims. *Id.* at 587. Applying

15   California's choice-of-law rules, the Ninth Circuit held that "each class member's

16   consumer protection claim should be governed by the consumer protection laws of

17   the jurisdiction in which the transaction took place," which precluded certification

18   of a nationwide class. *Id.* at 594, 596.

19       First, the Ninth Circuit found that there were material differences between

20   California's consumer protection laws and the consumer protection laws of other

21   states, including, for example, (1) whether proof of scienter is required, (2) whether

22   proof of reliance is required, and (3) the remedies afforded under the various state

23   statutes. *Id.* at 591. Second, the court found that each state "has a strong interest in

24   applying its own consumer protection laws to [automobile sales]" that take place

25   within its boundaries. *Id.* at 592. Finally, the court found that, while states have a

26   strong interest in applying their own laws to transactions in their own state,

27   "California's interest in applying its law to residents of foreign states is attenuated."

28   *Id.* at 593–94.

MEM. ISO MOT. TO DISMISS
18-CV-01130-JLS-GJS

1       Here, Plaintiff seeks to represent a nationwide class, not just California

2  residents and putative class members who purchased the Product in California.

3  (Compl. ¶ 32.)  Plaintiff also alleges claims under the same California consumer

4  protection statutes at issue in *Mazza*—the CLRA, UCL, and FAL.  (*See id.* ¶¶ 56-

5  84.)  Thus, just as in *Mazza*, Plaintiff's nationwide class cannot be maintained

6  because (1) there are material differences between the consumer protection laws of

7  the various states; (2) states have a strong interest in applying their own laws to

8  transactions within their own states; and (3) California's interest in applying the

9  CLRA, UCL, and FAL to foreign residents is attenuated.  666 F.3d at 591–94.

10  Accordingly, this Court should strike Plaintiff's nationwide class allegations.  *See*

11  *Route*, 2013 WL 658251, at *8 (striking nationwide class allegations under *Mazza*).

12       While *Mazza* itself was decided at the class certification stage, "the principle

13  articulated in *Mazza* applies generally and is instructive even when addressing a

14  motion to dismiss." *Frezza v. Google, Inc.*, No. 5:12–cv–00237–RMW, 2013 WL

15  1736788, at *6 (N.D. Cal. Apr. 22, 2013).  Indeed, numerous district courts have

16  followed *Mazza* in dismissing or striking nationwide class actions at the pleading

17  stage where plaintiffs have improperly sought to apply California laws to injuries

18  occurring in other states.  *See, e.g.*, *Davison v. Kia Motors Am., Inc.*, No. SACV

19  15–00239–CJC(RNBx), 2015 WL 3970502, at *2–4 (C.D. Cal. June 29, 2015)

20  (dismissing nationwide class claims under the UCL and CLRA pursuant to *Mazza*);

21  *Frenzel*, 76 F. Supp. 3d at 1010 (dismissing CLRA, UCL, and FAL class

22  allegations as to purported nationwide class); *Route*, 2013 WL 658251, at *9

23  (striking nationwide class allegations under *Mazza* at the dismissal stage).  This

24  Court, too, should strike the unsustainable nationwide class allegations from the

25  Complaint.

26

27

28

17

2. **Plaintiff Cannot Bring a Nationwide Class Based on the Laws of Other States Without a Named Plaintiff from Each of Those States**

In addition to her California law-based claims, Plaintiff impermissibly attempts to bring class claims under the consumer protection laws of thirty-nine other states and the District of Columbia, without naming a plaintiff from any of the other states.  (Compl. ¶ 57.)  Courts have repeatedly dismissed state law claims brought on behalf of a putative class by named plaintiffs from states other than those of the putative class for lack of standing.  *See Hindsman v. Gen. Motors LLC*, No. 17-CV-05337-JSC, 2018 WL 2463113, at *16 (N.D. Cal. June 1, 2018) (dismissing claims on behalf of non-California consumers where there was "no named plaintiff from *any* of the other 49 states whose laws are at issue") (emphasis in original); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009) (plaintiffs did not have standing to bring claims in states where the plaintiff did not reside or where a named plaintiff did not purchase the product); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175–76 (N.D. Cal. Aug. 29, 2017) (plaintiffs lacked standing to bring claims on behalf of a nationwide class without naming class representatives for the other states whose separate laws were invoked by the complaint).

This is a California-centric case, where the single named Plaintiff, Dana Weiss, resides in California and purchased the Product at issue in California.  (Compl. ¶ 8.)  Plaintiff attempts to assert the laws of a multitude of states in which she does not reside and has suffered no injury.  Absent named plaintiffs from the thirty-nine other states and the District of Columbia, those claims on behalf of non-California consumers must be dismissed.

**IV.   CONCLUSION**

Trader Joe's respectfully seeks an order dismissing Plaintiffs' Complaint with prejudice.

Dated:  August 24, 2018

DAWN SESTITO
O'MELVENY & MYERS LLP


By:   /s/ Dawn Sestito
                 Dawn Sestito

Attorneys for Defendant
TRADER JOE'S COMPANY

19