DAWN SESTITO (S.B. #214011)
dsestito@omm.com
R. COLLINS KILGORE (S.B. #295084)
ckilgore@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
Trader Joe's Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DANA WEISS, an individual, and all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>TRADER JOE'S COMPANY, a California Corporation; and DOES 1 through 10,<br><br>            Defendants. | Case No. 8:18-cv-01130-JLS-GJS<br><br>**REPLY IN SUPPORT OF DEFENDANT TRADER JOE'S COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO STRIKE**<br><br>Judge: Josephine L. Staton<br>Courtroom: 10A<br>Date: November 2, 2018<br>Time: 2:30 pm |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 1

II. ARGUMENT ................................................................................................... 2

    A. Plaintiff Cannot Plead Facts Outside of the Complaint ........................ 2

    B. Plaintiff's Claims Are Impermissible Substantiation Claims Not
    Subject to an "Affirmative Falsehood" Exception ................................ 3

    C. As a Matter of Law, Trader Joe's has Made no
    Misrepresentations of Fact, and the Complained-of Product
    Representations Are At Worst No More Than Mere Puffery ................ 6

    D. No "Reasonable Consumer" Could Be Misled By the
    Challenged Statements .......................................................................... 8

    E. Plaintiff Fails to Plead Reliance on the Product's
    Representations And Makes Only Bald Assertions Regarding
    the pH of the Product ............................................................................ 9

    F. Plaintiff's Breach of Implied Warranty Claims Fail Because the
    Product Is Fit For the Ordinary Purpose For Which Such Goods
    Are Used .............................................................................................. 10

    G. Plaintiff Misrepresents Trader Joe's Argument Regarding
    Unjust Enrichment Claims And Has Otherwise Failed to Show
    that She Adequately Pleaded a Claim for Relief ................................ 11

    H. Plaintiff Conflates the Choice of Law Analysis for Class Actions
    in *Mazza* With Trader Joe's Argument that Plaintiff Lacks
    Standing to Bring Claims Under Other States' Consumer
    Protection Laws .................................................................................. 12

III. CONCLUSION ............................................................................................. 13

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Am. Suzuki Motor Corp. v. Superior Court*,
5
    37 Cal. App. 4th 1291 (1995) ............................................................................. 10

6

*Anunziato v. eMachines, Inc.*,
7
    402 F.Supp.2d 1133 (C.D. Cal. 2005) ................................................................. 8

8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................... 10
9

10

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ............................................................................. 11
11

*Bell Atlantic Corp. v. Twombly*,
12
    550 U.S. 544 (2007) ........................................................................................... 10

13

*Birdsong v. Apple, Inc.*,
14
    590 F.3d 955 (9th Cir. 2009) ............................................................................. 11

15

*Bronson v. Johnson & Johnson, Inc.*,
16
    No. C 12-04184 CRB, 2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) ................ 3

17

*Browning v. Unilever United States, Inc.*,
18
    No. SACV1602210AGKESX, 2017 WL 7660643 (C.D. Cal. Apr. 26,
    2017) ................................................................................................................... 11
19

*Bruton v. Gerber Products Co.*,
20
    No. 15-15174, 2017 WL 1396221 (9th Cir. 2017) ............................................ 11

21

*Car Carriers, Inc. v. Ford Motor Co.*,
22
    745 F.2d 1101 (7th Cir. 1984) ............................................................................. 2

23

*Ebner v. Fresh, Inc.*,
24
    838 F.3d 958 (9th Cir. 2016) ............................................................................... 9

25

*Fisher v. Monster Beverage Corp.*,
26
    656 F. App'x 819 (9th Cir. 2016) ........................................................................ 7

27

*Greenberg v. Target Corp.*,
28
    No. 17-CV-01862-RS, 2017 WL 9853748 (N.D. Cal., Aug. 28, 2017) ............. 4

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

3

4

*Jensen v. Natrol, LLC*,
    No. 17-CV-03193 (N.D. Cal. Sept. 22, 2017).......................................................4

5

6

*Johnson v. Nissan N. Am., Inc.*,
    272 F. Supp. 3d 1168 (N.D. Cal. Aug. 29, 2017).................................................13

7

8

*Kwan v. SanMedica International*,
    854 F.3d 1088 (9th Cir. 2017).............................................................................5, 6

9

10

*Larsen v. Vizio, Inc.*,
    No. SACV 14-01865-CJC(JCGx), 2015 WL 13655757 (C.D. Cal., Apr.
    21, 2015)..............................................................................................................12

11

12

*Mazza v. American Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012)...............................................................................12

13

14

*Mexia v. Rinker Boat Co.*,
    174 Cal. App. 4th 1297 (2009).) ..........................................................................10

15

16

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
    107 Cal. App. 4th 1336 (2003)...............................................................................3

17

18

*O'Toole v. Gencor Nutrients, Inc.*,
    No. CV 14-3754-R, 2017 WL 6514682 (C.D. Cal. Aug. 17, 2017) .....................2

19

*Viggiano v. Hansen Nat. Corp.*,
    944 F.Supp.2d 877 (C.D. Cal. 2013)......................................................................8

20

21

*Zakaria v. Gerber Prod. Co.*,
    2015 WL 4379743 (C.D. Cal., July 14, 2015) ......................................................5

22

**Statutes**

23

Cal. Com. Code § 2314...............................................................................................10

24

25

Song–Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq*....................10

26

27

28

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Desperate to save her claims, Plaintiff Dana Weiss ("Plaintiff") relies on facts outside the operative pleadings, ignores and mischaracterizes Ninth Circuit authority, and abandons the only non-puffery allegation in the entire Complaint (related to the specific pH level of the water).  Plaintiff contends that her Complaint is not an improper lack-of-substantiation claim, yet she continues to assert that "no study has concluded that alkaline water will give the consumer the 'perfect balance.'"  And she identifies no facts she could plead that would plausibly indicate that Trader Joe's Alkaline Water does not hydrate or is not ionized to achieve the stated pH level of 9.5 or greater.  These shortcomings confirm that her claims have no plausible basis in fact and should be dismissed.

Plaintiff claims that Trader Joe's Company ("Trader Joe's") falsely and misleadingly labeled its Trader Joe's Alkaline Water (the "Product") in violation of various state laws.  Plaintiff argues that the Product representations "ionized to achieve the perfect balance" and "refresh and hydrate," taken together with "hundreds of plus symbols" amount to "false health claims" intended to mislead consumers into purchasing the Product at a premium price over ordinary bottled water.  But Plaintiff herself cannot articulate what these vague representations mean.  In an attempt to shore up these allegations in response to Trader Joe's Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion to Strike ("Motion" or "Mot."), Plaintiff takes a second swing at stating a claim by adding new facts in her Opposition ("Opp'n"), including a series of exhibits that are inadmissible at this stage and which, even if incorporated into the Complaint, would not improve her claims at all.

Notwithstanding these added contentions or Plaintiff's arguments in her Opposition, Plaintiff cannot now (nor can she ever) adequately plead a cause of action based on the labeling or marketing of the Product.  For the reasons set forth

1

below, the Complaint should be dismissed in its entirety without leave to amend, or, in the alternative, the Court should strike the nationwide class allegations.

## II.   ARGUMENT

### A.   Plaintiff Cannot Plead Facts Outside of the Complaint

"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *O'Toole v. Gencor Nutrients, Inc.*, No. CV 14-3754-R, 2017 WL 6514682, at *2 (C.D. Cal. Aug. 17, 2017) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  Plaintiff cannot now compensate for a poorly-pleaded Complaint by cobbling together (still groundless) assertions that do not appear in the operative pleading.

For example, the Opposition states: "But since here, it is a medical fact that the stomach is highly acidic at a pH of 1.5 to 3.5, and that the hydrochloric acid in the stomach quickly neutralizes water before it is absorbed in the bloodstream regardless of the water's alkalinity, Plaintiff has established a plausible metabolic explanation." (Opp'n at 1; *see also* Opp'n at 4, 5, 7.)  Setting aside that this allegation would not improve her claim, Plaintiff pleads no facts in the Complaint regarding the acidity of the stomach, the interaction of stomach acid with the Product, or any other "plausible metabolic explanation" for why the Product is falsely advertised.[1]

Plaintiff's Opposition is riddled with myriad new allegations taken from articles attached to the declaration of Plaintiff's counsel—none of which appear in the Complaint.  These new statements should be ignored by the Court for purposes of this motion.  But even if they are not, as described below, Plaintiff's claims are

---

[1] As another example, Plaintiff now argues that "[b]y scale, Defendant also affirmatively misrepresents in the pH scale (and implicitly by omission) that Alkaline Water is almost three times more hydrating than a sport drink based on its alkalinity." (Opp'n at 3.)  This statement is false.  Trader Joe's does not represent that its Product "is almost three times more hydrating than a sport drink based on its alkalinity."  It merely represents the alkalinity at 9.5+.  Plaintiff has not pleaded that Trader Joe's equated alkalinity with hydration, much less that Plaintiff understood that the Product was "three times more hydrating" than sports drinks.

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

1    still without merit and should be dismissed.

2        **B.    Plaintiff's Claims Are Impermissible Substantiation Claims Not**
3              **Subject to an "Affirmative Falsehood" Exception**

4        Plaintiff and Trader Joe's agree that "[a] lack-of-substantiation claim …may

5    not be advanced by a private plaintiff under California law."  (Opp'n at 7, citing

6    *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App.

7    4th 1336, 1344 (2003) ("*King Bio*").)  A lack-of-substantiation claim in the false

8    advertising context requires a defendant to defend the truth of a factual statement by

9    showing that prior studies "substantiate" the claims.  *See id.* at 1343.  Plaintiff

10   maintains she "did not assert lack of substantiation claims" in her Complaint

11   (Opp'n at 7), and that she "[i]nstead …pled and put Defendant on notice, that the

12   concept of one ingesting Alkaline Water for 'perfect balance' is affirmatively

13   false."  (*Id*.)  To support this contention, Plaintiff asserts, "[a]rticles and

14   publications written by licensed Doctors and PhD's, have concluded that pH water

15   provides no health benefit or hydration improvement."  (Compl. ¶ 20.)  This

16   argument fails.

17       As an initial matter, it does not matter how Plaintiff chooses to characterize

18   her allegations.  If the claim requires Trader Joe's to scientifically support the

19   alleged Product statements, then it is an impermissible lack-of-substantiation claim.

20   *See Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013 WL 1629191

21   at *8 (N.D. Cal. Apr. 16, 2013) (plaintiff's claim that "no reliable studies have

22   shown" ingredients in defendant's product promoted weight loss was a lack of

23   scientific substantiation claim).  Plaintiff cannot now ignore her own allegations:

24   "Defendants do not have a single study to show that their water is 'perfectly

25   balanced' or will provide added hydration compared to other water."  (Compl. ¶

26   23.)  Indeed, she repeats her contentions that the Product representations are

27   unsubstantiated in her Opposition.  (Opp'n at 1, 8–9 ("And finally, ***no study*** has

28

3

1  concluded that alkaline water will give the consumer the 'perfect balance.'")
2  (emphasis in original).)  This is an impermissible substantiation claim.

3       Plaintiff tries to distinguish between a substantiation claim and a so-called
4  "affirmative falsehood" allegation by citing two unpublished Northern District of
5  California cases that held that where a plaintiff has offered a "plausible metabolic
6  explanation" for why a product claim is affirmatively false, the plaintiff's claims
7  are sufficient to overcome a motion to dismiss.  (Opp'n at 7–8, citing *Greenberg v.*
8  *Target Corp.*, No. 17-CV-01862-RS, 2017 WL 9853748 (N.D. Cal., Aug. 28, 2017)
9  and *Jensen v. Natrol, LLC*, No. 17-CV-03193 (N.D. Cal. Sept. 22, 2017)).  There
10  are several reasons why those cases change nothing.

11       First, *Greenberg* and *Jensen* are easily distinguishable.  Both cases involve
12  unambiguously affirmative health claims on biotin supplement labels claiming the
13  products "help[] support healthy hair and skin."  *Greenberg*, 2017 WL 9853748 at
14  *1; *see also Jensen*, No. 17-CV-03193 at 1.  These are unquestionably health
15  claims.  The Product here contains no such unambiguous, affirmative health claims.
16  Plaintiff says the label promises "superior benefit" (Compl. ¶ 4), "health benefits"
17  (Compl. ¶ 22), "superior results" (Compl. ¶ 25), "superior performance," (Compl.
18  ¶ 46), "superior hydration" (Compl. ¶ 80), or that the product "would balance pH
19  internally" (Compl. ¶ 9), or "add[] hydration compared to other water" (Compl.
20  ¶ 23).  But the label says none of these things.

21       Rather, the Product's label states that the alkaline water is "purified through
22  reverse osmosis, then ionized to achieve the perfect balance."  Plaintiff now argues
23  that the words "perfect balance" misrepresent facts about the Product's effect on the
24  consumer's body (apparently, the stomach and bloodstream).[2]  But she failed to
25  plead any facts in her Complaint suggesting that the words "perfect balance" have

26

27  _____
28  [2] In one place, Plaintiff concedes that the label only warrants that *the Product* is
balanced, not the customer's body.  (*See* Opp'n at 15:6–8.)

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

*any* clear or factual meaning.[3]  The Complaint itself contains no mention of the stomach or bloodstream, never mind a description of the alleged plausible metabolic explanation.  And nowhere on the label does Trader Joe's represent that the Product will have any particular effect on the body, stomach, or bloodstream superior to other bottled water.  No amount of scientific studies or expert opinions could prove or disprove product statements that do not make measurable factual representations, and therefore such product statements cannot be the subject of a genuine factual dispute.  (*See* Opp'n at 8, citing *Zakaria v. Gerber Prod. Co.*, 2015 WL 4379743 at *3 (C.D. Cal., July 14, 2015).)

Second, Plaintiff wholly fails to address (or even cite) the Ninth Circuit's controlling decision in *Kwan v. SanMedica International*, 854 F.3d 1088 (9th Cir. 2017).  *Kwan* was discussed at length in the Motion (Mot. at 5–9).  Plaintiff's failure to discuss *Kwan* is a concession that she cannot avoid its reach.  *Kwan* held that where conclusory allegations "do nothing to support or prove the falsehood of [the product representations]," the claims require dismissal.  *See id*. at 1095.  Even accepting Plaintiff's erroneous contention that a bottle label with hundreds of plus symbols taken together with the words "ionized to achieve the perfect balance" and "refresh and hydrate" gives rise to "false health claim[s]" (Compl. ¶ 4), Plaintiff would first need to identify the health claims at issue, and then would need to "allege *specific* facts pointing to actual falsehood" to survive a motion to dismiss.

---

[3] *Compare* Opp'n at 1 ("[b]ut since here, it is a medical fact that the stomach is highly acidic at a pH of 1.5 to 3.5, and that the hydrochloric acid in the stomach quickly neutralizes water before it is absorbed in the bloodstream regardless of the water's alkalinity, Plaintiff has established a plausible metabolic explanation. Plaintiff's explanation renders Defendants' 'perfect balance' representation to be affirmatively false without having to review a single scientific study at the pleading stage."), *with* Compl. ¶ 26 ("even though there is a lack of genuine and reliable scientific support for a claim that alkaline branded water provides any more benefit to a consumer than typical water, or that they can hydrate, or that they can provide the 'perfect balance,' the Defendants persistently and pervasively market their product as a superior source of hydration worthy of a premium price over other bottled water.").

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

1   *Kwan*, 854 F.3d at 1097 (emphasis added).[4]  Here, Plaintiff would need to plead

2   facts showing, for example, that the product does not refresh or is not perfectly

3   balanced.[5]  This she has not done, and her Complaint must be dismissed.

4   Moreover, dismissal should be with prejudice.  Plaintiff cannot adequately plead

5   falsity as required by *Kwan* because the complained-of statements are not factual

6   statements about the Product.

7       **C.    As a Matter of Law, Trader Joe's has Made no Misrepresentations**
            **of Fact, and the Complained-of Product Representations Are At**
8            **Worst No More Than Mere Puffery**

9           Even if as a private litigant Plaintiff could bring lack-of-substantiation claims

10  against Trader Joe's, substantiation would not be required for representations that

11  cannot be measured objectively.  The representations at issue here are mere puffery.

12  Therefore, contrary to Plaintiff's conclusory assertions, Trader Joe's does not make

13  any health claims regarding the Product.  The Product representations read,

14  verbatim:

15          "ALKALINE WATER + ELECTROLYTES

16          PURIFIED WATER with ELECTROLYTES FOR TASTE

17          Trader Joe's Alkaline Water + Electrolytes is purified through reverse

18          osmosis, then ionized to achieve the perfect balance."[6]

19  A representation on the side of the front label reads "refresh and hydrate."  Another

20  _____

21  [4] As a further example, where Plaintiff asserts that the false health claim is that the
    Product delivers "superior hydration," Plaintiff would need to 1) define
22  "hydration," 2) show that the Product label in fact represents that it delivers
    *superior* "hydration," 3) identify the product or products compared to which Trader
23  Joe's claims the Product is more hydrating, 4) show that this "hydration" is in fact
    not superior to that of those identified alternatives, and 5) show that Plaintiff
24  suffered an injury as a result.  Plaintiff cannot get on base with these arguments
    because "refresh and hydrate" is mere puffery and the Product label makes no
25  statement regarding "superior hydration."

    [5] For example, Plaintiff cannot allege facts indicating that a "+" is false.
26
    [6] Although not addressed in detail here, it is worth noting that Plaintiff ignores the
27  statement on the label, "PURIFIED WATER with ELECTROLYTES FOR
    TASTE" in her arguments regarding the price premium of the Product.  (*See*
28  Compl. ¶¶ 1, 22, 26, 27, 30.)

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

representation states, "[o]ur Alkaline Water + Electrolytes is ionized to pH 9.5+." Nowhere are there statements about health benefits.  Nowhere are there statements about the superiority of the product over other non-alkaline products.  Nowhere do the representations insinuate that the Product has properties other than a pH of 9.5+, which is higher than ordinary bottled water products.  With the exception of the statements regarding the pH level of the product, Trader Joe's statements, even taken together with "hundreds of plus symbols" (Compl. ¶ 2), are not objectively verifiable, and therefore amount to, at worst, mere puffery.

Trader Joe's maintains that the complained-of Product representations, including "ionized to achieve the perfect balance," and "refresh and hydrate," are vague and subjective statements that cannot serve as the basis for any consumer protection claims because the statements lack any specific factual assertions on which a reasonable consumer could rely.  (Mot. at 10.)  Plaintiff does not address this argument, and instead mischaracterizes the Ninth Circuit's recent decision in *Fisher v. Monster Beverage Corp.*, 656 F. App'x 819 (9th Cir. 2016) by claiming that the court "found statements about 'hydration' to be deceptive."  (Opp'n at 11.) This is not an accurate portrayal of *Fisher*.

The Ninth Circuit in *Fisher* held that representations that Monster Drinks "quench[] thirst" and "hydrate[] like a sports drink" could plausibly mislead the plaintiff in that case to assume "that Monster Drinks were safe (or not unsafe) for consumption," but the court did not find that the statements were misleading as to whether the product quenched thirst or hydrated like a sports drink.  *Fisher*, 656 F. App'x at 823.  This difference is significant.  Plaintiff here, unlike in *Fisher*, does not assert any associated physical harm from consuming the Product.  The question before this Court is not whether the statements "ionized to achieve the perfect balance" and "refresh and hydrate" are misleading as to whether the product is safe for consumption; the issue before this Court is whether those statements are misleading as to whether the product is "ionized to achieve the perfect balance" or

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

"refresh[es] and hydrat[es]." *Fisher* is not instructive on this point.

Answering this inquiry depends on what the terms "perfect balance" and "refresh and hydrate" mean. Plaintiff is mistaken that the relevant question is whether "[i]t is plausible that a reasonable consumer could be misled by 'hydrate' and 'refresh' next to 30 superimposed '+' signs, and believe that Alkaline Water provided superior hydration to Trader Joe's spring water." (Opp'n at 11.) Trader Joe's makes no product representations about "superior hydration." "Superior hydration" itself has no discernable meaning. Nor do the "+" symbols on the packaging.[7] To survive a motion to dismiss, Plaintiff must plead that the complained-of statements have some concrete, discernable meaning. *See Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1139 (C.D. Cal. 2005) ("[g]eneralized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable"); *see also Viggiano v. Hansen Nat. Corp.*, 944 F.Supp.2d 877, 895 (C.D. Cal. 2013) (dismissing similar claims regarding a diet soda labeled as "premium" because the term was not a misdescription of specific or absolute characteristics of the product, and was therefore mere puffery). Plaintiff cannot do so. The statements are too vague to constitute discernable representations that are capable of objective verification. The Complaint should be dismissed with prejudice.

### D. No "Reasonable Consumer" Could Be Misled By the Challenged Statements

Plaintiff argues that "[a]s a matter of law, a reasonable consumer cannot be expected to know …that the alkaline water did not provide 'perfect balance.'"

---

[7] Plaintiff baldly asserts that the "plus symbols superimposed on the packaging [are] a universal sign of gaining health." (Compl. ¶ 2.) This assertion is baseless if not verifiably untrue. Plaintiff has offered no explanation for this contention, and has not addressed any possible alternative function of the plus symbol, such as a reference to the plus symbol in "Alkaline Water + Electrolytes" or in "9.5+," or as a mere geometric decoration.

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

(Opp'n at 12.)  This conclusory allegation, like those in Plaintiff's Complaint (*see, e.g.*, Compl. ¶ 3 ("Defendants prey on consumers by misleadingly claiming that the product gives them 'balance'")), defies common sense.  No reasonable consumer could interpret the statement, "Trader Joe's Alkaline Water + Electrolytes is purified through reverse osmosis, then ionized to achieve the perfect balance," as referring to a consumer's "balance" or internal pH, especially when the label also states that the Product is "ionized to pH 9.5+."  The consumer was not ionized.  The water was.  Any reasonable consumer would understand this.  Similarly, no reasonable consumer would understand the term "hydrate" in conjunction with the pH levels listed on the Product to mean that its pH level equates to how much it hydrates.  *See* Opp'n at 3 (concluding that the Product's list of common pH levels for other drinks represents that it is "almost three times more hydrating" than sports drinks).  A consumer that interpreted the label this way would have the nonsensical understanding that sports drinks (pH 4) are barely half as hydrating as bottled water (pH 7).

The "reasonable consumer" must be reasonable.  Plaintiffs do not have a license to trawl for senseless connotations of product representations on the grounds that someone somewhere could be misled; the reasonable consumer standard "requires more than a mere possibility that [defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).  The claims should be dismissed in their entirety without leave to amend.

### E.    Plaintiff Fails to Plead Reliance on the Product's Representations And Makes Only Bald Assertions Regarding the pH of the Product

No reasonable consumer can rely on product representations that amount to mere puffery.  The only representation that does not qualify as mere puffery is the allegation that the Product had a pH of less than 9.5 at the time of purchase and consumption, *and* that Plaintiff relied on that representation when purchasing the

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

product.  Plaintiff pleads nothing in the Complaint to support the conclusion that the pH was lower than 9.5 at the time of purchase and consumption.  Moreover, Plaintiff does not adequately plead reliance regarding the "9.5+" representation (see Compl. ¶¶ 47–48).  Not once in her Opposition does Plaintiff address this allegation.  Plaintiff undoubtedly abandons this allegation because she *cannot* show that the Product's pH was below 9.5 at the time she allegedly purchased it.  Her bald assertion is incapable of satisfying basic pleading standards.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] pleading that offers label and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal citations and quotations omitted), *quoting Twombly*, 550 U.S. at 555, 557.  For CLRA, UCL, FAL, and breach of warranty claims to survive, Plaintiff must plead reliance on a misrepresentation.  (Mot. at 13–14.)  Plaintiff cannot show reliance on a misrepresentation because Trader Joe's made no misrepresentation: the bottled Trader Joe's Alkaline Water is bottled alkaline water.[8]  These claims should likewise be dismissed, and without leave to amend.

### F.   Plaintiff's Breach of Implied Warranty Claims Fail Because the Product Is Fit For the Ordinary Purpose For Which Such Goods Are Used

Plaintiff and Trader Joe's agree that the law of implied warranty of merchantability "guarantees not that the goods 'precisely fulfill the expectation of the buyer,' but instead that the goods meet 'a minimum level of quality,'" and that "[t]he core test of merchantability is fitness for the ordinary purpose for which such goods are used."  (Opp'n at 15, quoting *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995) (internal citations omitted), *Mexia v. Rinker*

---

[8] The Opposition also contains contentions that Trader Joe's *Fearless Flyer* newsletter and the placement of the Product in the stores contribute to the purported misrepresentations.  Opp'n at 3–4.  Plaintiff does not allege to have relied on either the *Fearless Flyer* or the placement of the Product when deciding to purchase it.

*Boat Co*., 174 Cal. App. 4th 1297, 1303 (2009).[9])  This standard is reiterated by the Ninth Circuit in *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) ("[a] breach of the warranty of merchantability occurs if the product lacks even the most basic degree of fitness for ordinary use.") (internal quotations omitted)).

Plaintiff, however, fails to appropriately apply this standard and again makes only conclusory allegations that have no foundation in fact or law.  In the Opposition, Plaintiff states, "[t]he Complaint identifies some of the basic advertisements and representations concerning the Alkaline Water.  The lack of any benefit render the water unfit for the purposes of balancing one's pH level." (Opp'n at 15.)  As explained above, the Product representations do not warrant that the Product will "balanc[e] one's pH Level."  The intended use of the Product is that it be consumed as a beverage, and it is certainly fit for this ordinary purpose. Plaintiff's implied warranty of merchantability claims are meritless and should be dismissed without leave to amend.

### G.   Plaintiff Misrepresents Trader Joe's Argument Regarding Unjust Enrichment Claims And Has Otherwise Failed to Show that She Adequately Pleaded a Claim for Relief

Plaintiff's Opposition states that Trader Joe's "cites outdated authority for the premise that unjust enrichment cannot be pled as a stand-alone action in this District."  (Opp'n at 15–16.)  Setting aside that Plaintiff cites to a withdrawn and superseded Ninth Circuit opinion in support of this proposition (Opp'n at 16, citing *Bruton v. Gerber Products Co.*, No. 15-15174, 2017 WL 1396221 (9th Cir. 2017)),[10] it is not Trader Joe's argument that Plaintiff's unjust enrichment claim

---

[9] The Court in *Mexia* considered the standard for implied warranty of merchantability under the Song–Beverly Consumer Warranty Act, California Civ. Cod. § 1790 *et seq*., which Plaintiff has not pled violations of here.  Plaintiff has brought claims under Cal. Com. Code § 2314.  (Compl. ¶¶ 85–91.)  For the limited purpose of describing the "core test of merchantability" more broadly, Trader Joe's recognizes *Mexia* may be cited for this proposition, but is otherwise irrelevant.

[10] Even if Trader Joe's here argued that Plaintiff's claim should be dismissed because the Ninth Circuit in *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

should be dismissed because there is no standalone unjust enrichment cause of action in California.  Trader Joe's argument is that Plaintiff has failed to plead that Trader Joe's falsely and misleadingly labeled its Product, a prerequisite for proceeding under an unjust enrichment theory derivative of CLRA, UCL, and FAL claims.  (Mot. at 15–16.)  The Complaint even states the unjust enrichment claims are the "direct and proximate result of Defendants' misconduct as set forth above." (Compl. ¶ 53.)  For the reasons elaborated above, Plaintiff's unjust enrichment claims should be dismissed without leave to amend.

### H.   Plaintiff Conflates the Choice of Law Analysis for Class Actions in *Mazza* With Trader Joe's Argument that Plaintiff Lacks Standing to Bring Claims Under Other States' Consumer Protection Laws

To the extent the Court considers the appropriateness of class claims in this case, Plaintiff confuses Trader Joe's arguments that California law cannot be applied to a nationwide class and that Plaintiff lacks standing to allege violations of other states' laws.  (Opp'n at 16–20.)  Trader Joe's makes two simple arguments: 1) Plaintiff has not sufficiently shown that California has an interest in applying its laws to transactions taking place in other states, particularly, the CLRA, UCL, and FAL, to certify a nationwide class; and 2) Plaintiff cannot bring class action claims under other states' consumer protection laws without naming a plaintiff in each of those states.  (Mot. at 16–18.)

First, Trader Joe's need not argue that the UCL materially differs from the laws of the states identified in the Complaint under the "facts and circumstances" of this specific case under *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th

---

Cir. 2015) held there is no unjust enrichment cause of action in California (which is not Trader Joe's argument), this Court has previously held that *Bruton* is distinguishable from *Astiana* because *Bruton* relied on an insurance case, and was therefore unpersuasive in the context of an unjust enrichment claim seeking the same legal remedies as the CLRA, UCL, and false advertising claims context. *Browning v. Unilever United States, Inc.*, No. SACV1602210AGKESX, 2017 WL 7660643, at *3 (C.D. Cal. Apr. 26, 2017).

REPLY ISO MOT. TO DISMISS
8:18-CV-01130-JLS-GJS

1    Cir. 2012).  (*See* Opp'n at 18.)  The Ninth Circuit in *Mazza* held that California's
2    interest in applying its laws to transactions taking place in other states, particularly,
3    the CLRA, UCL, and FAL, is attenuated.  666 F.3d at 593–94.  Subsequent courts
4    have dismissed CLRA, UCL, and FAL class allegations as to a purported
5    nationwide class under *Mazza*, even at the pleading stage.  *See, e.g.*, *Larsen v.*
6    *Vizio, Inc.*, No. SACV 14-01865-CJC(JCGx), 2015 WL 13655757 at *2 (C.D. Cal.,
7    Apr. 21, 2015) ("[a]pplying California's choice-of-law principles to the facts of this
8    case, the Court finds that Plaintiff's UCL, FAL, CLRA claims, along with his
9    negligent misrepresentation and common law fraud claims, cannot be brought on
10   behalf of a nationwide class.").  Plaintiff's purported nationwide class claims are no
11   different and the Court should strike those allegations from the Complaint.
12         Second, as Trader Joe's elaborated in its Motion, this case concerns a
13   California plaintiff who resides in California, purchased the Product in California,
14   and allegedly suffered injury in California.  Plaintiff alone lacks standing to bring
15   claims on behalf of a nationwide class without naming class representatives for
16   other states whose separate laws were invoked by the Complaint.  *See Johnson v.*
17   *Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175–76 (N.D. Cal. Aug. 29, 2017).
18   Accordingly, the Court should dismiss Plaintiff's non-California claims.

19   **III.   CONCLUSION**
20         For the reasons set forth above, Trader Joe's respectfully seeks an order
21   dismissing Plaintiff's claims with prejudice as no amendment could cure the defects
22   of Plaintiff's Complaint.
23
24
25
26
27
28

1

2      Dated:  October 19, 2018                DAWN SESTITO
                                               O'MELVENY & MYERS LLP
3

4

5                                              By:   /s/ Dawn Sestito
                                                        Dawn Sestito
6
                                               Attorneys for Defendant
7                                              TRADER JOE'S COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28