UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:18-cv-01130-JLS-GJS                                 Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

  Not Present                                                   Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 16)**

Before the Court is Defendant Trader Joe's Company's Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion to Strike.  (Mot., Doc. 16.)  Plaintiff Dana Weiss opposed and Defendant replied.  (Opp., Doc. 19; Reply, Doc. 20.)  After considering the parties' briefs and oral arguments, and having taken the matter under submission, the Court GRANTS Defendant's Motion to Dismiss and DENIES Defendant's Motion to Strike as moot.

### I.   BACKGROUND

This is a consumer protection case based on Defendant's alleged misrepresentations regarding its Alkaline Water product.  Defendant manufactures, markets, and distributes Alkaline Water in its stores in California and throughout the United States.  (Compl. ¶ 16, Doc. 1.)

Around November 2016, Plaintiff began purchasing Defendant's Alkaline Water, typically at Defendant's store in Manhattan Beach, California.  (*Id.* ¶ 8.)  Plaintiff made these purchases in reliance on the Alkaline Water's label.  (*Id.* ¶¶ 8–10.)  In the Complaint, Plaintiff embedded a photo of the Water's label, which is reproduced below:

_____
**CIVIL MINUTES – GENERAL**                                                                            1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                                        Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company




Plaintiff claims that the following statements and aspects of the label are false or misleading:

- "pH 9.5 +" (Compl. ¶ 21)
- "Our Alkaline Water + Electrolytes is ionized to pH 9.5+." (*Id.*)
- "pH is the measure of acidity and alkalinity. The higher the pH, the greater the alkalinity." (*Id.*)
- "ionized to achieve the perfect balance" (*Id.*)
- "refresh & hydrate" (*Id.* ¶ 22)
- "hundreds of plus symbols" on the label (*Id.*)

Plaintiff also points to the following advertisement for the Alkaline Water in Defendant's "Fearless Flyer" advertising brochure as false and misleading:

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                              Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company



March 16, 2015—Fearlessly Archived—Still a fun read; price & availability may have changed.

Whether you've just eaten an abundance of corn or cranberries (foods high in acid); or you've been sweating profusely; and/or you've been reading this Flyer (because obviously that would make you thirsty)—our **Alkaline Water + Electrolytes** is a drink that can satisfy. Crystal clear water is 99.9% of what's in the bottle. The other 0.1% is minerals (electrolytes), harvested from the lakes region of Utah. The mineralized water is purified throug reverse osmosis, then run through electric currents (electrolysis), which changes the structure of the water and raises the pH to 9.5+ (neutral pH of water is 7). **Trader Joe's Alkaline Water + Electrolytes** is water and the some. We're selling it in one liter and 1.5 liter bottles, for **99¢** and **$1.29**, respectively.

(*Id.* ¶ 22.)  Plaintiff claims the following statements in the advertisement are false or misleading:
- "Whether you've just eaten an abundance of corn or cranberries (foods high in acid); or you've been sweating profusely; and/or you've been reading this Flyer (because obviously that would make you thirsty) our Alkaline Water + Electrolytes is a drink that can satisfy."
- "The mineralized water is purified through reverse osmosis, then run through electric currents (electrolysis), which changes the structure of the water and raises the pH to 9.5+ (neutral pH of water is 7)."
- "Trader Joe's Alkaline Water + Electrolytes is water and then some."

Plaintiff alleges that though there is no scientific evidence showing that Alkaline Water provides more health benefits than typical water, the Water's label misled her to

_____
**CIVIL MINUTES – GENERAL**                                                        3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01130-JLS-GJS | Date: November 20, 2018 |
| Title: Dana Weiss, et al. v. Trader Joe's Company | |

believe that the Water was a "superior source of hydration" and could help "balance pH internally." (*Id.* ¶¶ 9, 23, 26.) Plaintiff alleges that if she had been aware that Defendant's Alkaline Water did not provide such benefits, she would not have purchased it. (*Id.* ¶ 27.) Further, Plaintiff claims the Alkaline Water does not actually have a 9.5 pH balance: "Defendants' product does not even maintain or have when bottled and/or sold, the alkalinity represented on the packaging of 9.5+"; "the actual pH at the time of purchase and consumption was far less on the pH scale." (*Id.* ¶¶ 23, 47.)

Based on Defendant's alleged misrepresentations, Plaintiff filed the instant putative class action on June 26, 2018, asserting claims of (1) breach of express warranty; (2) unjust enrichment; (3) violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*;[1] (4) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; and (6) breach of implied warranty of merchantability in violation of Cal. Com. Code § 2314(2)(f). (*See* Compl. ¶¶ 42–91.) On August 24, 2018, Defendant brought the instant Motion pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. at 2.)

## II. **LEGAL STANDARD**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint must contain

---

[1] For Plaintiff's Nationwide Class, she also brings this claim pursuant to "the various Consumer Protection Acts" of the states where Class Members are present and purchased Defendant's Alkaline Water. (*See* Compl. ¶ 57.)

_____
**CIVIL MINUTES – GENERAL**        4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01130-JLS-GJS | Date: November 20, 2018 |
| Title: Dana Weiss, et al. v. Trader Joe's Company | |

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III. DISCUSSION

Defendant argues Plaintiff's Complaint is insufficient in that it (1) contains impermissible substantiation claims (Mem. at 6); (2) fails to satisfy pleading standards (*id.* at 7); (3) relies on representations that are "no more than mere puffery" (*id.* at 9); and (4) relies on representations that would not deceive a reasonable consumer (*id.* at 11.) While the Court does find that Plaintiff's Complaint advances impermissible lack-of-substantiation claims, it determines that dismissal of Plaintiff's CLRA, UCL, and FAL claims is more appropriate on other grounds. First, the Court finds that most of Defendant's representations are nonactionable in that they either amount to puffery or otherwise would not deceive a reasonable consumer as a matter of law. Next, though it is possible Defendant's 9.5 pH statement would deceive a reasonable consumer, the Court finds that Plaintiff has failed to plead her claim with the particularity required under Federal Rule of Civil Procedure 9(b). Because Plaintiff's claims for breach of express warranty, implied warranty of merchantability, and unjust enrichment are premised on the same allegations, they fail as well. The Court grants Plaintiff leave to amend, but only as to the 9.5 pH balance representation, as it is possible she could allege with more

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01130-JLS-GJS | Date: November 20, 2018 |
| Title: Dana Weiss, et al. v. Trader Joe's Company | |

particularity that the 9.5 pH statement is false. Further, because the Court dismisses Plaintiff's Complaint, the Defendant's Motion to Strike is DENIED as moot.

### A.     **UCL, CLRA, and FAL Claims**

#### 1. **Whether Plaintiff's UCL, CLRA, and FAL Claims are Lack-of-Substantiation Claims**

Defendant first argues that Plaintiff's UCL, CLRA, and FAL claims are "impermissible substantiation claims" and should be "dismissed on this basis alone." (Mem. at 6.) "A lack-of-substantiation claim challenges a defendant's alleged failure to substantiate representations it makes about its product." *Greenberg v. Target Corp.*, Case No. 17-cv-01862-RS, 2017 WL 9853748, *2 (N.D. Cal. Aug. 28, 2017). "Such a claim may not be advanced by a private plaintiff under California law." *Id.* (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003)); *see also Kwan v. SanMedica International*, 854 F.3d 1088, 1096 (9th Cir. 2017) ("[I]t is readily apparent that *King Bio*'s holding is firmly established law in California.").

Plaintiff's Complaint clearly advances, at least in part, lack-of-substantiation claims. For example, it states that: "Defendants do not have a single study to show that their water is 'perfectly balanced' or will provide added hydration compared to other water"; and "there is a lack of genuine and reliable scientific support for a claim that alkaline branded water provides any more benefit to a consumer than typical water." (Compl. ¶¶ 23, 26.) The Ninth Circuit recently found similar allegations to be lack-of-substantiation claims. *See Kwan*, 854 F.3d at 1092 ("There is no Credible Scientific Evidence to Support Defendant's 682% HGH Increase Representation, HGH Fountain Of Youth Benefit Representations, And SeroVital Fountain of Youth And Body Composition Representations."). Thus, to the extent that Plaintiff argues in her

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01130-JLS-GJS     Date: November 20, 2018
Title: Dana Weiss, et al. v. Trader Joe's Company

Complaint that Defendant has no studies to support health benefits to drinking the Water, Plaintiff has advanced impermissible lack-of-substantiation claims.

In response, Plaintiff attaches a multitude of articles to her Opposition that purportedly establish that the representations on the Water's label are "affirmatively false." (Opp. at 7; Exs. 1–7, 10–11 to Lindemann Decl.) Further, latching on to language from *Greenberg*, Plaintiff claims that she has a "plausible metabolic explanation" that proves the Defendant's representations about the Water are false.[2]

There are two problems with Plaintiff's pivot from a lack-of-substantiation claim to an affirmative-falsity claim. First, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *O'Toole v. Gencor Nutrients, Inc.*, No. CV 14-3754-R, 2017 WL 6514682, at *2 (C.D. Cal. Aug. 17, 2017). Second, and more fundamentally, the Water's label and marketing, for the most part, do not make the health claims that Plaintiff alleges are "affirmatively false." Hence, rather than dismiss Plaintiff's claims as mere lack-of-substantiation allegations, the Court finds that it is more appropriate to address whether Plaintiff has adequately pleaded a plausible claim that the representations would deceive a reasonable consumer.

### 2. Whether the Defendant's Representations Would Deceive a Reasonable Consumer

Defendant argues that Plaintiff's CLRA, UCL, and FAL claims fail because "Plaintiff has not shown that the Product's representations are likely to deceive a reasonable consumer." (Mem. at 11.) Further, Defendant argues that the representations are "no more than mere puffery." (Mem. at 9.)

Claims made under the CLRA, FAL, and UCL are governed by the "reasonable consumer" test. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008)

---

[2] Plaintiff's "metabolic explanation" is that "once alkaline water enter one's stomach, one's body simply pours in greater amounts of acid to neutralize it so there can be no 'balancing.'" (Opp. at 7.)

_____
**CIVIL MINUTES – GENERAL**     7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-01130-JLS-GJS | Date: November 20, 2018 |
| Title:  Dana Weiss, et al. v. Trader Joe's Company | |

(citations omitted).  Under that test, Plaintiff must show that "members of the public are likely to be deceived." *Id.* (citation omitted).  "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).  Rather, it must be "probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*  The relevant consumer is "the ordinary consumer within the larger population," not the "least sophisticated consumer" nor one that is "exceptionally acute and sophisticated." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (citation omitted).  Generally, the question of whether a business practice is deceptive is a question of fact that is appropriate for resolution on a motion to dismiss only in "rare" circumstances.  *See Williams*, 552 F.3d at 938–39.  Yet, dismissal is appropriate "[w]here a [c]ourt can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging." *Gonzales v. Peter Thomas Roth Labs, LLC*, Case No. 8:17–cv–01393–JLS–DFM, 2017 WL 5633274, at *3 (C.D. Cal. Nov. 17, 2017).

"Although misdescriptions of specific or absolute characteristics of a product are actionable, generalized, vague, and unspecified assertions constitute mere puffery upon which a reasonable consumer could not rely." *McKinney v. Google, Inc.,* No. 10–cv–01177–EJD, 2011 WL 3862120, at *6 (N.D. Cal. Aug. 30, 2011) (internal quotation marks, citations, and modifications omitted).  "[T]o be actionable as an affirmative misrepresentation, a statement must make a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Vitt v. Apple Computer, Inc.*, 469 Fed. Appx. 605, 607 (9th Cir. 2012) (internal quotation marks omitted).

Plaintiff's Complaint alleges that many representations on the Water's label and in the Fearless Flyer are false and misleading.  The crux of Plaintiff's claims, both in her Complaint and as described in her brief, is that Trader Joe's advertisement of the Water misleads consumers to believe that its greater alkalinity will give them an internally

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                                            Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company

balanced pH level that will result in health benefits.  However, as explained below, the Court finds that the advertising is either nonactionable puffery that does not promise such benefits or, alternatively, that Plaintiff has acknowledged the truth of the particular statement made.  Plaintiff also alleges a misrepresentation of a different kind; namely, that Defendant misstates the pH level of the Water.  While a false statement of an objective fact is not puffery, and could mislead a reasonable consumer, the Court finds that Plaintiff has failed to plead this claim with the particularity required under Rule 9(b).

### i.     "refresh" and Plus Symbols

First, the Court finds the word "refresh" and the "hundreds of plus symbols" on the label are mere puffery upon which a reasonable consumer could not rely.  That the Water will "refresh" consumers is a vague, generalized assertion incapable of being proved false or of being reasonably interpreted as a statement of objective fact.  *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1011–12 (N.D. Cal. 2014) (finding representation that product would cause consumers to "wake up refreshed" was non-actionable puffery).  Likewise, though Plaintiff claims that plus symbols are a "universal sign of gaining health," the Court finds that the symbols make no specific or measurable claim and thus are mere puffery.  (Compl. ¶ 2.)

Accordingly, the "refresh" statement and the plus symbols would not deceive a reasonable consumer, and Plaintiff's claims fail to the extent they rely on these representations.

### ii.     "hydrate"

The label states that the Water "hydrates," and Plaintiff does not dispute that fact.  Rather, Plaintiff argues that Defendant markets the Water "as a superior source of hydration."  (Compl. ¶ 26.)  But Plaintiff comes up empty in showing where Defendant makes any such statement.

_____
**CIVIL MINUTES – GENERAL**                                                                               9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01130-JLS-GJS | Date: November 20, 2018 |
| Title: Dana Weiss, et al. v. Trader Joe's Company | |

Plaintiff relies heavily on the Ninth Circuit's decision in *Fisher v. Monster Beverage Corp.*, 656 Fed. Appx. 819 (9th Cir. 2016), where the court found representations about "hydration" to be misleading. *Fisher* is easily distinguishable from the case at hand. There, the defendant had represented that its energy drink "hydrates like a sports drink," and the plaintiff plausibly alleged that, because of its high caffeine content, the drink did not do so and in fact caused dehydration. *See Fisher v. Monster Beverage Corp.*, 125 F. Supp. 3d 1007, 1016 (C.D. Cal. 2013). The Ninth Circuit reversed the district court and found that it was plausible that the hydration statements were false or misleading. *Fisher*, 656 Fed. Appx. at 823.

Here, unlike in *Fisher* where the drink's label explicitly compared its hydrating ability to sports drinks, Defendant's label merely claims that the Alkaline Water "hydrate[s]." Further, unlike in *Fisher*, Plaintiff admits that the actual statement on the label – that the Water "hydrate[s]" – is true.

Accordingly, the "hydrate" statement would not deceive a reasonable consumer and Plaintiff's claims fail to the extent she relies on this representation.

### iii. "ionized to achieve the perfect balance"

Plaintiff also claims that the representation on the label that the Water "is purified through reverse osmosis then ionized to achieve the perfect balance" misled her to think the Water would "allow her to internally achieve a 'perfect' pH balance and be more healthy by virtue of that 'perfect' balance." (Opp. at 4.) First, the Court finds that a reasonable consumer would read the Water's label to mean that the *Alkaline Water*, not the consumer, is perfectly balanced. Second, the Water's label does not claim that there are any health benefits from any particular internal pH balance.

In short, the label makes no claims about consumers achieving a "perfect balance" by virtue of drinking it, and a reasonable consumer would not "assume things about [a] product[] other than what the statement actually says." *See Red v. Kraft Foods, Inc.*, No. CV 10–1028–GW(AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012)

_____
**CIVIL MINUTES – GENERAL**                                    10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01130-JLS-GJS            Date: November 20, 2018
Title: Dana Weiss, et al. v. Trader Joe's Company

(dismissing consumer protection claim that product's packaging "suggest[ed] the product is healthy" because it depicted vegetables and claimed it was made with real vegetables) (emphasis removed); *see also Stuart v. Cadbury Adams USA, LLC*, No. CV 09-6295 AHM(CWX), 2010 WL 1407303, at *3 (C.D. Cal. Apr. 5, 2010) (where "allegations of consumer deception defy common sense and are contradicted by the actual advertising claims made by [the Defendant]," the claims are properly dismissed).

Accordingly, the "balance" statement would not deceive a reasonable consumer, and Plaintiff's claims fail to the extent they rely on this representation.

### iv. "pH is the measure of acidity and alkalinity. The higher the pH, the greater the alkalinity."

Plaintiff also claims that the label's statement that "pH is the measure of acidity and alkalinity. The higher the pH, the greater the alkalinity," is false and misleading. (Compl. ¶ 21.) The Court finds that the label is simply reciting a scientific fact: the pH scale measures acidity and alkalinity, and the higher a pH (between 1 and 14), the greater the alkalinity and the less the acidity. Plaintiff claims in her Opposition that the statement, combined with the pH scale on the label,[3] "constitutes an affirmative misrepresentation (and by omission) [sic] that the higher the alkalinity, the greater the hydration and 'balance.'" (Opp. at 3.)

The statement does not claim that the Water's alkalinity will provide greater hydration or "balance," nor does anything else on the Water's label. Accordingly, the Court finds it would not deceive a reasonable consumer, and Plaintiff's claims fail to the extent they rely on this representation.

---

[3] Plaintiff's Complaint does not allege that the pH scale is false or misleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                              Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company

### v. "a drink that can satisfy" and "water and then some"

Defendant's Fearless Flyer represents that "[w]hether you've just eaten an abundance of corn or cranberries (foods high in acid); or you've been sweating profusely; and/or you've been reading this Flyer (because obviously that would make you thirsty) our Alkaline Water + Electrolytes is a drink that can satisfy."  (Compl. ¶ 22.)  Plaintiff's counsel at the hearing for this Motion claimed that this statement is misleading because it implies that the Water will "balance" a consumer's internal pH after he or she has eaten acidic foods and will provide superior hydration.  Plaintiff's argument here fails for the same reasons discussed throughout – the Fearless Flyer claims no such health benefits.  All the Flyer says is that the drink will "satisfy" which the Court finds, similar to "refresh," is mere puffery upon which a reasonably consumer would not rely.

Further, Plaintiff argues in her Opposition that the statement "Trader Joe's Alkaline Water + Electrolytes is water and then some," "provide[s] a contextual inference that Alkaline Water of Trader Joe's provides more health benefits and better hydration than normal water."  (Opp. at 4.)  The statement is made immediately following this description of the Water's contents: "Crystal clear water is 99.9% of what's in the bottle. The other 0.1% is minerals (electrolytes), harvested from the lake region of Utah. The mineralized water is purified through reverse osmosis, then run through electric currents (electrolysis), which changes the structure of the water and raises the pH to 9.5+ (neutral pH of water is 7)."

Again, the Court finds that the statement "water and then some" is mere puffery – the statement has no discernible meaning and is thus incapable of being proven true or false.  Furthermore, even if it were not puffery, the Court finds that a reasonable consumer would understand the statement to refer to either the fact that electrolytes are added to the Water (something Plaintiff does not allege is false) or that the pH is raised to 9.5.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                              Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company

Accordingly, the "satisfy" and "water and then some" statements would not deceive a reasonable consumer, and Plaintiff's claims fail to the extent they rely on these representations.

### vi.   9.5 pH Representations

Finally, Plaintiff claims that Defendant falsely represented the Water as having a 9.5 pH level.  This representation is made on the Water's label and in the Fearless Flyer.  Plaintiff claims that the Water "does not even maintain or have when bottled and/or sold" a 9.5 pH balance and that "the actual pH at the time of purchase and consumption was far less on the pH scale."  (Compl. ¶¶ 23, 47.)  At the hearing for this Motion, Plaintiff's counsel represented that Plaintiff came to believe that the Water does not have a 9.5 pH balance based on articles and videos she viewed on the internet and from personally testing the water.  Unlike Plaintiff's other allegations that fail as a matter of law, the 9.5 pH representation, if false, could plausibly deceive a reasonable consumer.  However, Plaintiff has failed to plead with particularity how she came to believe that the representation is false.

Rule 9(b) applies to claims sounding in fraud, which includes false representation allegations in the CLRA, FAL, and UCL context.[4]  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) to UCL and CLRA claims); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963–64 (N.D. Cal. 2013) (applying Rule 9(b) to CLRA, FAL, and UCL claims).  Plaintiff must allege "'the who, what, when, where, and how' of the misconduct charged."  *Hunt v. Sunny Delight Beverages Co.*, Case No. 8:18-cv-00557-JLS-DFM, 2018 WL 4057812, at *5 (C.D. Cal. Aug. 23, 2018).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v.*

---

[4] Plaintiff does not appear to dispute that Rule 9(b) applies to her claims. (*See* Opp. at 9.)  Nor could she, as her Complaint is replete with references to Defendant's allegedly fraudulent course of conduct. (*See, e.g.*, Compl. ¶¶ 1, 13, 19.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01130-JLS-GJS     Date: November 20, 2018
Title: Dana Weiss, et al. v. Trader Joe's Company

*Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1001 (N.D. Cal. 2009) ("The falsity of the representation must [] be alleged with particularity.").

Here, Plaintiff has failed "to provide a basis for why she believes the [9.5 pH representation] is false." *Brenner v. Proctor and Gamble Co.*, Case No. SACV 16-1093-JLS (JCG), 2016 WL 8192946, at *5 n.5 (C.D. Cal. Oct. 20, 2016) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc) (superseded by statute on other grounds). Indeed, Plaintiff's Complaint is devoid of *any* basis for her assertion that the 9.5 pH representation is false. Even assuming that viewing videos on the internet or personally testing the pH balance of the Water is enough to support her claim,[5] this purported factual support is not included in the Complaint. Further, the Complaint is vague as to *when* Plaintiff observed that the pH balance was not 9.5 – was it when it was bottled, when it was purchased, or when it was consumed? This lack of specificity fails "to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Kearns*, 567 F.3d at 1124 (internal citations omitted).

Accordingly, the Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's allegation that the Water does not have a pH of 9.5. Because it is possible that Plaintiff could plead more facts and allege with proper particularity that the 9.5 pH representation is false, the Court grants her leave to amend as to this allegation. In an amended complaint, Plaintiff must allege the factual basis for her belief that the 9.5 pH claim is false.

---

[5] The Court seriously questions Plaintiff's decision to bring this suit if the only support she has for this claim is what she has seen on the internet, or her own rudimentary testing. Further, the Court reminds Plaintiff's counsel that attorneys are subject to sanctions under Rule 11 when they present "factual contentions [that] have [no] evidentiary support or . . . will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                                     Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company

**B.      Express Warranty Claim**

Defendant argues that Plaintiff's breach of an express warranty claim fails because she did not reasonably rely on the terms of an express warranty.  (Mem. at 13.)  Under California Commercial Code § 2313, "[i]n order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury."  *Kearney v. Hyundai Motor America*, No. SACV09–1298–JST (MLGx), 2010 WL 8251077, at *7 (C.D. Cal. Dec. 17, 2010) (quoting *Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605, 608 (Cal. Ct. App. 1986)).

Plaintiff's express warranty claim is premised on the same alleged misrepresentations as her consumer protection claims.  Thus, her claim that Defendant warranted the Water as providing superior health benefits to typical water fails – nothing in the labeling or advertising promises that the Water will help consumers achieve a perfect balance or provide superior hydration, as discussed above.  (*See* Compl. ¶¶ 46–47; Opp. at 14–15.)  Therefore, for these allegations, because Plaintiff has failed to "point to the terms of the warranty, [she] fails to state a claim for breach of express warranty." *See Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-01875, 2017 WL 4286577, at *7 (C.D. Cal. Sept. 20, 2017) ("Plaintiff points to no statement on the fruit snacks' packaging or in the marketing of the fruit snacks that claims the fruit snacks are 'nutritious' or 'healthful to consume.'").

While her allegation that the 9.5 pH claim is false could be the basis for an express warranty claim, Plaintiff has failed to sufficiently plead her claim.  Thus, she has failed to show that Defendant breached an express warranty.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's express warranty claim without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                                 Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company

### C. Implied Warranty Claim

Defendant argues for dismissal of Plaintiff's implied warranty of merchantability claim "because she has not alleged the alkaline water she bought was not fit for its intended purpose – consumption." (Mem. at 14.)  However, "[c]ourts have determined that an implied warranty of merchantability claim may rely solely on alleged affirmative representations made by the defendant on the products label, as Plaintiff[] do[es] here." *Bailey v. Kind, LLC*, Case No. SACV 16-168-JLS (DFMx), 2016 WL 3456981, at *6 (C.D. Cal. June 16, 2016) (citing *Zakaria v. Gerber Products Co.*, No. LA CV 15-00200 JAK (Ex), 2015 WL 3827654, at *11 (C.D. Cal. June 18, 2015)).  Thus, Plaintiff's claim is not subject to dismissal simply because the Water was safe to drink.

However, most of Plaintiff's implied warranty claim fails for the same reason as her express warranty claim:[6] nothing in the Water's labeling promises any sort of increased health benefits from the Water.  Again, while her 9.5 pH balance claim might be a proper basis for an implied warranty claim, she has failed to adequately plead her claim, and thus has failed to prove that Defendant breached an implied warranty.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's implied warranty claim without prejudice.

### D. Unjust Enrichment Claim

Finally, Defendant argues that Plaintiff's unjust enrichment claim fails because the false and misleading claims upon which it is based fail. (Mem. at 15.)  For the reasons discussed throughout, the Court agrees.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's unjust enrichment claim without prejudice.

---

[6] Indeed, in her Opposition, Plaintiff does not independently argue her express and implied warranty claims.  Rather, they are grouped together and argued as if they are interchangeable. (*See* Opp. 14–15.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01130-JLS-GJS                                   Date: November 20, 2018
Title:  Dana Weiss, et al. v. Trader Joe's Company

### IV. CONCLUSION

     For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss and DENIES Defendant's Motion to Strike as moot.  If Plaintiff chooses to file an amended complaint, she must file it within twenty-one (21) days of this Order, and it cannot be based on any alleged misrepresentation that the Court concluded was nonactionable as a matter of law.

                                                Initials of Preparer:  tg