**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN, SBN 255747
DONNA R. DISHBAK, SBN 259311
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310)-279-5269
Facsimile: (310)-300-0267
E-mail: blake@lawbl.com

Attorneys For Plaintiff
DANA WEISS AND THOSE
SIMILARLY SITUATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| DANA WEISS, an individual, and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY, a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 8:18-cv-01130-JLS-GJS<br><br>Judge: Hon. Josephine L. Staton<br>Mag. Judge: Hon. Gail J. Standish<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date: March 8, 2019<br>Time: 10:30 a.m.<br>Courtroom: 10A |

# TABLE OF CONTENTS

1. INTRODUCTION ..... 1

2. RELEVANT BACKGROUND ..... 3

2.1. Defendant Has Engaged In Shameless False Advertising ..... 3

2.2. Ms. Weiss' FAC States a Claim For False Advertising ..... 3

3. ARGUMENT ..... 4

3.1. Legal Standard on Motion To Dismiss ..... 4

3.2. Ms. Weiss Has Adequately Pled Her Ph 9.5+ Label Claim ..... 5

3.3. Plaintiff's Amended Facts in Her First Amendment Bear On This Dispute And Should Not Be Stricken ..... 10

3.4. Plaintiff's Newly Asserted On-Ad Affirmatively False Statements Do Support Her Claims ..... 11

4. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

## CASES


*Aloudi v. Intramedic Research Grp., LLC*,
729 Fed. App'x 514, 516 (9th Cir. 2017) .......... 10

*Ashcroft v. Iqbal,*
556 U.S. 662, 678-79 (2009) .......... 6

*Bitton v. Gencor Nutrientes, Inc.*,
654 Fed. App'x 358, 361-62 (9th Cir. 2016) .......... 10

*Bradley v. Hartford Acc. & Indem. Co.*,
30 Cal. App. 3d 818, 825 (1973) .......... 7

*Bureerong v. Uvawas*,
922 F.Supp. 1450, 1478 (C.D. Cal. 1996) .......... 12

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*,
649 F.3d 1143, 1152 (9th Cir. 2011) .......... 12

*Concha v. London*,
62 F.3d 1493, 1503 (9th Cir. 1995) .......... 7

*Cooper v. Pickett*,
137 F.3d 616, 627 (1998) .......... 8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992, 998 (9th Cir. 2010) .......... 6

*Davidson v. Kimberly-Clark Corp.*,
No. 15-16173, 2017 WL 4700093, at *9 (9th Cir. Oct. 20, 2017) .......... 7

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310, 334 (2011) .......... 8

*Linear Tech. Corp. v. Applied Materials, Inc.*,
61 Cal. Rptr. 3d 221, 236–37 (Ct. App. 2007) .......... 7

*Messenger v. Anderson*,
22 U.S. 436, 444 (1912) .......... 12

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) .................... 7

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm, Inc.*, 107 Cal.App. 4th 1336, 1348 (Cal. Ct. App. 2003) .................... 10

*RDF Media Ltd v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005) .................... 12

*Rubenstein v. The Neiman Marcus Group LLC*, No. 15-55890, 2017 WL 1381147 (9th Cir. April 18, 2017) .................... 7

*Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 2018 WL 2049680 (9th Cir. May 3, 2018) .................... 9

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) .................... 6

*Tubbs v. Advocare Int'l, LP*, Case No. CV 17-4454 PSG, 2017 WL 4022397, at *6 (C.D. Cal. Sept. 12, 2017) .................... 11

*Turner v. Milstein*, 103 Cal.App.2d 651, 648 (1951) .................... 7

*United States v. Housen*, 804 F.2d 565, 568 (9th Cir. 1986) .................... 11

*Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008) .................... 7

**STATUTES**

Health and Safety Code 111071 (Sec. 3) (SB220) .................... 9

Health and Safety Code 111071, § 3.1 .................... 10

**RULES**

Fed. R. Civ P. 15(a) .................... 12

Fed. R. Civ. P. 9(b) .................... 7

Fed. R. Civ. Pr. 8 .................... 7

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 6

Federal Rule of Civil Procedure Rule 8(a) ........................................................ 6

## 1. **INTRODUCTION**

Defendant Trader Joe's Company does not refute that a false advertising claim can be "…established by testing, scientific literature, or anecdotal evidence." *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm, Inc.*, 107 Cal. App. 4th 1336, 1348 (Cal. Ct. App. 2003) (ruling on motion for summary judgment). Pursuant to the Court's In Chambers Order dated November 20, 2018 [Dkt. No. 23] on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6) (Order), Ms. Weiss was permitted leave to amend her pleading and assert factual allegations that the "pH 9.5 +" representation is affirmatively false. [Dkt. No. 23, p. 14]. Plaintiff did so.

In Ms. Weiss' first amended complaint ("FAC"), she pled sufficient factual detail including the "who, what, where, when, why and how" of the 9.5+ representation. Specifically, Plaintiff pled how Trader Joe's Alkaline Water (the "Product") was tested, and the factual particulars as to how the pH 9.5+ representation is false. [FAC, ¶¶ 65-75]. Plaintiff has also pled facts concerning the medical literature and anecdotal evidence supporting her claims, which is independently sufficient at this stage to meet the applicable standard under Rule 12(b)(6). [*Id.*]

Aside from the matters Plaintiff has pled affirmatively, the evidence is within Trader Joe's knowledge, but it has stonewalled Plaintiff's reasonably tailored discovery requests. Thus, more robust testing and reporting cannot take place. Plaintiff has been hampered by Trader Joe's refusal to produce documents in response to Plaintiff's request for production, and its denial of Plaintiff's right to access the source of production of the Product. But even more fundamentally, Health and Safety Code Health and Safety Code 111071 provides as a "condition to licensure," that Trader Joe's make detailed "water reports" available. Defendant has failed to produce water reports that it must disclose irrespective of the Federal Rules of Civil Procedure. Moreover, the affirmatively false on-label advertisements

including the affirmatively false scale depiction on the Product's package (which has not been ruled on by the Court), support a false advertising claim.

Finally, Defendant quarrels with Ms. Weiss' first amended pleading that asserts additional facts concerning Defendant's on label advertisements. [FAC, ¶¶ 23-64]. Plaintiff has not asserted any new causes of action, but has added additional factual matter to support her claims against Trader Joe's. If these factual allegations cannot be included in connection with a Rule 23 Order or in a Final Judgment as a matter of law based on the Court's earlier ruling, that determination can be clarified through the scope of subsequent proceedings.

Also, the Court correctly found in its Order that the material Plaintiff intended to rely on, should have been incorporated more specifically in the Complaint and not included by way of her Opposition to the original motion to dismiss. Contrary to what Defendant contends, the remedy for the Court's declination to incorporate Plaintiff's material, as a master of her own pleading, is not denial of leave to amend her original pleading.

Now that all pled facts are properly before the Court (except those which Trader Joe's unreasonably failed to produce in discovery), the Court can make its decision as to whether the matter can proceed, and if so, the claims that may proceed. Ultimately, the factual predicate for such claims has been decided, and will continue be decided as the Court deems fit.

As more fully set forth herein, Defendant conflates the issue concerning the 9.5+ advertisement by citing to cases where scientific articles were utilized to rebut substantiation claims. Defendant also resorts to cases where scientific methods are rejected at later stages of proceedings; not circumstances where the dispute involves the simple question whether the product met a certain feature based on measurement, the facts here. Because Plaintiff's FAC asserts sufficient predicate facts required under the 12(b)(6) standard, the Motion should be denied.

## 2. RELEVANT BACKGROUND

### 2.1. Defendant Has Engaged In False Advertising

Plaintiff Dana Weiss filed her original class action complaint on June 26, 2018. [Dkt. No. 1]. Plaintiff pled in her First Amended Complaint ("FAC") that Defendant engaged in a false advertising concerning its "alkaline" branded water ("Product" or "Alkaline Water"). As asserted in the factual background of the FAC, Plaintiff pled that Defendant's labeling boasts that "TJ's alkaline water" is ionized to "achieve the perfect balance." The Court has entered an Order on Defendant's Motion to Dismiss that this allegation taken alone, is not actionable as it would not "deceive a reasonable consumer." [Order, pp. 10-11].

On the other side of the cylindrical shaped Product is a second label with a pH scale revealing the pH level of Alkaline Water compared to other implicitly inferior beverages for the purposes of promoting hydration and balance: Alkaline Water (pH 9.5+), Bottled Water (pH 7), Milk (pH 6), coffee (pH 5), some sports drinks (pH 4), and vinegar (pH 3). [FAC, Fig. 2, p. 15]. The Court's Order provides that "Plaintiff's Complaint does not allege that the pH scale is false or misleading." [Order, p. 11, fn. 3]. The FAC is amended to allege the scale on the label is false and misleading in that the label expresses that Alkaline Water has a higher alkalinity than other consumer products, when in fact this statement is false in several instances. [FAC, ¶ 57]. The Motion to dismiss does not seek to dismiss this allegation substantively, but incorrectly argues the Court has already ruled on this representation, when in fact, the Court has not. [Order, p. 11, fn. 3].

### 2.2. Ms. Weiss' FAC States A Claim For False Advertising

In Trader Joe's renewed and second Motion to Dismiss, it has abandoned many of the previous arguments raised in support of its previous effort to dismiss the Original Complaint because many of those concerns have now been addressed. Trader Joe's instant and renewed Motion rests on two faulty legal arguments.

First, Trader Joe's attempts to defeat the FAC by constructing a dispute of fact - the validity of the actual tests of its Product – and resolves that dispute in its own favor by posing several possible reasons the testing may be invalid. The converse is true; the tests conducted by persons on the internet and Ms. Weiss are entirely proper and valid. As set forth herein, Trader Joe's construction of a strawman at this stage, is improper, and it is well settled that disputes of fact will not be resolved in context of Rule 12(b)(6).

Second, Trader Joe's complains that the new allegations in the FAC cannot support the case. Even if such allegations are not actionable, the allegations were necessary to be included within the FAC because the Court concluded that a complaint cannot be amended by briefs in opposition. [Order, p. 7]. Many of the new allegations assert that the representations on the label are affirmatively false. [FAC, ¶¶ 23-64]. The Court need not address these allegations in connection with making further legal rulings as to whether the FAC can stand based on a "balance" assertion. The Court can simply incorporate by reference its previous ruling and rule on whether the FAC states a claim in connection with the amended factual allegations specifically referring to the pH 9.5+ representation.

## 3. **ARGUMENT**

### 3.1. **Legal Standard on Motion To Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure Rule 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. While the Rule 8 pleading standard requires more than mere legal conclusions, it does not require detailed factual allegations. *Iqbal,* 556 U.S. at 678.

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Iqbal*, *Id*. at 679 (2009).

Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### 3.2. Ms. Weiss Has Adequately Pled Her Ph 9.5+ Label Claim

Plaintiff does not dispute that an analysis of Fed. R. Civ. Pr. 8 and Fed. R. Civ. P. 9(b) applies to this Motion, but **does** dispute Trader Joe's interpretation of the requirements thereunder based on controlling 9th Circuit precedent. Although Trader Joe's cites to outdated authority on the applicable standard, "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]." *Williams v. Gerber Products Co.,* 552 F.3d 934, 939 (9th Cir. 2008); *see also Linear Tech. Corp. v. Applied Materials, Inc.*, 61 Cal. Rptr. 3d 221, 236–37 (Ct. App. 2007). Where, as here, the reasonable consumer test applies to a plaintiff's state claims sounding in fraud, it is a "rare situation in which granting a motion to dismiss is appropriate." *Williams*, *Id*. at 938. Plaintiff's FAC here alleges "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support her FAL and UCL (fraudulent prong) claims.

Moreover, Rule 9(b) "may be relaxed as to matters within the opposing party's knowledge." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). This pleading standard only "requires that plaintiffs specifically plead those facts surrounding alleged acts of fraud to which they ***can reasonably be expected to have access***." *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (emphasis added). As such, "in cases where fraud is alleged, we relax pleading requirements where the relevant facts are known only to the defendant." [*Id.*]

Here, the inner workings of Trader Joe's false advertising campaign is within Trader Joe's knowledge, *Turner v. Milstein*, 103 Cal.App.2d 651, 648 (1951), and Trader Joe's "possesses full information concerning the facts of the controversy." *Bradley v. Hartford Acc. & Indem. Co.*, 30 Cal. App. 3d 818, 825 (1973). Thus, Trader Joe's can clearly prepare an adequate answer from the allegations. *Rubenstein v. The Neiman Marcus Group LLC*, No. 15-55890, 2017 WL 1381147 (9th Cir. April 18, 2017); *Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2017 WL 4700093, at *9 (9th Cir. Oct. 20, 2017).

Moreover, Ms. Weiss has amply plead the "who, what, where, when, and how" of Trader Joe's misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (1998); *In re 5-hour ENERGY Mktg. & Sales Practices Litig.*, 2014 WL 5311272, at *17 (C.D. Cal. Sept. 4, 2014) (Courts apply "a relatively straightforward test for the application of Rule 9(b) to label-based fraud claims. The "who" are the defendants; the "what" are their allegedly misleading claims; the "when" is the proposed class period, during which those claims were made; the "where" is the offending label; and the "how" is the plaintiff's explanation why the defendant's claims are misleading.")

Plaintiff has met the test here. The who: Trader Joe's; the what: falsely representing that its Alkaline water is of pH character and balance it is not [9.5+]; the where: the false representation was printed on the label of the water sold by Defendant at its stores nationwide – Ms. Weiss purchased the water in Hermosa Beach; the when: at all times within the applicable statute of limitation – Ms. Weiss made her purchase on or around November 2016; the how: the Water was not at pH 9.5+. [FAC, ¶¶ 11-22].

Had Ms. Weiss known the truth concerning Defendant's misrepresentations, she would not have purchased the alkaline water. As a result, Ms. Weiss suffered injury in fact and lost money at the time of purchase. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 334 (2011) ("a buyer forced to pay more than he or she would have is harmed at the moment of purchase"). Ms. Weiss has more than sufficiently

pled the elements for false advertising in California as to the 9.5+ on label advertisement. And she has provided additional averments to address the Court's November 20, 2018 Order, p. 23, at FAC, ¶¶ 65-75. Specifically, Ms. Weiss has pled the testing and the specificity as to how she observed the pH label ad was false. [FAC, ¶¶ 65-67, 73]. Ms. Weiss has also pled that she has not had access to the site where the water is sourced, (FAC, ¶ 69), and that she has not received discovery responsive to the 9.5+ label claim. [FAC, ¶ 70].

Plaintiff has also pled that a degradation in pH that occurs after sourcing and bottling. [FAC, ¶ 72]. Defendant has not challenged that degradation occurs to the Product over time, but suggest an expert report is necessary at this stage. An adequate expert report can only be produced showing the *amount* of degradation if Plaintiff is provided with the ability to investigate the source, so that her expert may measure the drop in pH from the date of sourcing until the date of consumption. Ms. Weiss pled that 9.5+ water has an expiration date stamp (FAC, ¶ 73), which appears to range from approximately twenty-two to twenty-four months from the date of purchase. This, of course, is false. The facts in this proceeding will show degradation occurs long before the represented expiration date on the Product's label. After the FAC was filed, Defendant refused to produce documents in response to a limited discovery request, which Plaintiff had agreed to further limit to test results concerning pH and pH 9.5+ search terms.

Trader Joe's arguments also fall short because it has not complied with Plaintiff's demands and its obligations to Plaintiff and the general public under Health and Safety Code 111071 (Sec. 3) (SB220). The Health and Safety Code provides that "***as a condition to licensure***," Trader Joe's must make a yearly report available that provides as follows:

> (1) The source of the bottled water, consistent with applicable state and federal regulations.

> (2) A brief and plainly worded definition of the terms "statement of quality," "maximum contaminant level," "primary drinking water standard," and "public health goal."
> (3) A brief description of the treatment process.
> (4) A reference to the United States Food and Drug Administration Web site that provides product recall information.
> (5) The bottled water company's address and telephone number that enables customers to obtain further information concerning contaminants and potential health effects.
> (6) Information on the levels of unregulated substances, if any, for which water bottlers are required to monitor pursuant to state or federal law or regulation.
> […(other requirements)…]

(SB 220) Exhibit G to the Declaration of Blake J. Lindemann.

Interestingly, Trader Joe's turns to innuendo of factual questions that Ms. Weiss' testing may not have met FDA standards. [Motion, p. 8]. By making this argument, Trader Joe's is effectively elevating the *Twombley* plausibility standard on a 12(b)(6) Motion to a *Daubert* standard, which is faulty considering that law in the 9th Circuit does not even require admissible evidence at the time of class certification. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 2018 WL 2049680 (9th Cir. May 3, 2018). Trader Joe's argument is also internally contradictory because Trader Joe's fails to provide reports that it is required by law to provide as to its *own testing* "applicable with state and federal regulations," irrespective of the requirements of the Federal Rules of Civil Procedure. Health and Safety Code 111071, § 3.1.

In an attempt to disregard the pleading standard, Trader Joe's resorts to a number of cases that are wholly inapt, or support a denial of Trader Joe's request for dismissal. First, in *Aloudi v. Intramedic Research Grp., LLC*, 729 Fed. App'x 514, 516 (9th Cir. 2017) (unpublished), the issue there involved whether a product was "clinically proven" to reduce weight. This Court appears to have *dismissed* Plaintiff's actionable on-label false advertisements concerning how the Product

changes internal balance. Thus, *Aloudi* is not remotely related to "testing" as to the numeric pH level, which does not call for additional processes (even though more rigorous testing will be conducted at the time of class certification).

Ms. Weiss has done enough to raise this on-label advertisement above the plausibility standard. The California Court of Appeal has confirmed in connection with summary judgment, that "the falsity of advertising claims may be ***established*** by testing, scientific literature, or anecdotal evidence." *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm, Inc.*, 107 Cal.App. 4th 1336, 1348 (Cal. Ct. App. 2003) (emphasis added).

This case is not at the summary judgment phase, and Plaintiff had adequately pled medical literature, anecdotal evidence, and the occurrence of her own testing, which is sufficient at this stage. In *Aloudi*, the plaintiff did not even allege that the weight loss "compound" was the same as the "compound" referred to in the report. Here, Ms. Weiss has in fact tested the Product ***at issue***, and anecdotal and scientific evidence concerning pH has no disparity as differentiation in weight loss compounds might in *Aloudi*.

Trader Joe's other citations support Ms. Weiss' position. In *Bitton v. Gencor Nutrientes, Inc.*, 654 Fed. App'x 358, 361-62 (9th Cir. 2016), the 9th Circuit reversed a dismissal for not considering "the falsity of advertising claims may be ***established*** by testing, scientific literature, or anecdotal evidence" pursuant to *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm, Inc*. This is precisely what Ms. Weiss advocates here, and although she has not created her own report, she is not trying to prove anything scientifically. She merely has measured the pH of the Product which is entirely different than the facts at issue in *Bitton*.

*Tubbs v. Advocare Int'l, LP*, Case No. CV 17-4454 PSG, 2017 WL 4022397, at *6 (C.D. Cal. Sept. 12, 2017) is also of no assistance to Trader Joe's because that claim involved plaintiff's use of an article to "cure the lack-of substantiation" defect. *Id.* at *10. The testing of a water's pH, and namely, this product, has nothing to do

with the on-label advertisement at issue- the measurement of pH in the Product. Put another way, there is no dispute that a laboratory may be necessary to dissect the ingredients of a compound, while testing of pH is merely a measurement. Moreover, there is no disparity between pH relative to "energy drinks" one of which was not even tested in the study referred to in *Tubbs*. Thus, these cases do not fit the facts here, and do not support dismissal.

### 3.3. Plaintiff's Amended Facts in Her First Amendment Bear On This Dispute And Should Not Be Stricken

Trader Joe's repeatedly asserts in its Motion that **claims** were dismissed *without* leave to amend. However, all **claims** in the Original Class Action Complain were dismissed *with* leave to amend in the Court's Order.

The Court appears to have ruled that certain on-label advertisements cannot form the basis for ultimate findings at the time of trial to support a Judgment for false advertising. In furtherance of this ruling, Plaintiff was not even given one chance to amend certain facts as to on-label advertisements.

But the pled facts in ¶¶ 23-64 in the FAC are not subject to being stricken at this time, and provide background concerning the dispute.[1] Motions to strike are viewed with disfavor because they are often used as litigation tactics, and because of the policy favoring resolution of disputes on the merits. *RDF Media Ltd v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996). Thus, it is not appropriate to strike

[1] The ruling made reference that some materials were inappropriately introduced in connection with Plaintiff's *opposition* to the Original Motion To Dismiss. To the extent this was a basis to grant the motion with leave, Plaintiff did her best to plead all allegations she could think of in this iteration based on the interlocutory relief that relates to the labeling of this product. *United States v. Housen*, 804 F.2d 565, 568 (9th Cir. 1986) (law of the case doctrine is discretionary not mandatory); *Messenger v. Anderson*, 22 U.S. 436, 444 (1912).

allegations in the FAC. The Court can disregard them as it sees fit and decide what claims, if any, will proceed forward based on "9.5+" representation. This request in the Motion should be denied.

### 3.4. Plaintiff's Newly Asserted On-Ad Affirmatively False Statements Support Her Claims

Trader Joe's argues that Plaintiff's new assertions are "unfounded." [Motion, p. 12]. But now is not the appropriate stage of the proceedings to request the trier to make findings of fact in connection with trial. The use of electrolysis affects degradation as Plaintiff has pled, and materially bears on the question to be developed at a later stage of these proceeding, as to slippage and drop in pH from the date the product is sourced to consumption. The Sloan Decl. is improper for consideration at this stage, that trace elements of magnesium might defeat degradation of alkalinity, and cannot be given credit at this stage of the proceedings. [*See* concurrently filed evidentiary objections].

## 4. CONCLUSION

For all the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety. In the alternative, leave should be granted to amend.

Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit has held that this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The purpose of Fed. R. Civ. P. 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court articulated the following factors a court may consider in deciding whether to grant leave to

amend: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *See also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990) (*citing Foman* factors). The consideration of prejudice to the opposing party carries the greatest weight. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-87 (9th Cir. 1987) (noting that party opposing amendment "bears the burden of showing prejudice"). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, leave to amend is mandatory. *Id.*; *Eminence Capital LLC v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

This is Plaintiff's first amendment, and the first leave to amend was very narrow, thus not constituting a opportunity to amend several allegations at all. Here, no scheduling order was established, whereby good cause would be required to amend. Plaintiff has not delayed these proceedings, has been candid with the Court at all junctures unlike some of the authority cited in the Court's previous memorandum Order, Plaintiff has made a good faith attempt to cure deficiencies and the Defendant cannot demonstrate futility or prejudice. Thus, should the Court grant the Motion in any part, leave to amend should be granted.

Respectfully submitted,

Date: February 1, 2019

LINDEMANN LAW FIRM, APC
BLAKE J. LINDEMANN

By: /s/ *Blake J. Lindemann*
Blake J. Lindemann
ATTORNEYS FOR PLAINTIFF
DANA WEISS AND ALL THOSE
SIMILARLY SITUATED

**PROOF OF SERVICE**

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210.

On February 4, 2019, I served the foregoing document as follows:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS OR STRIKE COMPLAINT**

[X] by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

[ ] by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on February 4, 2019, at Beverly Hills, California.

By: */s/ Nataly Grande*
Nataly Grande