DAWN SESTITO (S.B. #214011)
dsestito@omm.com
R. COLLINS KILGORE (S.B. #295084)
ckilgore@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Defendant
Trader Joe's Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DANA WEISS, an individual, and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRADER JOE'S COMPANY, a California Corporation; and DOES 1 through 10,<br><br>　　　　　　Defendant. | Case No. 18-cv-01130-JLS-GJS<br><br>**REPLY IN SUPPORT OF DEFENDANT TRADER JOE'S COMPANY'S REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:  Hon. Josephine L. Staton<br>Courtroom: 10A<br>Date: March 8, 2019<br>Time: 10:30AM |

# REPLY IN SUPPORT OF DEFENDANT TRADER JOE'S COMPANY'S REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

In response to Trader Joe's Request for Judicial Notice (the "Request"), Plaintiff objects to Trader Joe's use of the blog post that Plaintiff's First Amended Complaint ("FAC") cites to and relies on as factual support for her claims. Plaintiff objects on the grounds that Trader Joe's seeks to "offer this document as a fact," which Plaintiff contends is improper on a motion to dismiss.[1] Similarly, she objects to the Court's consideration of the label design of Trader Joe's Alkaline Water, even though her allegations center on the label's representations and she depicted much of the label in the FAC. Plaintiff contends the label design has a "substantive change" from the label depicted in the FAC and because, she asserts, it is being used to contradict assertions in the FAC.

These arguments miss the mark because the exhibits are incorporated by reference and thus are treated as though Plaintiff herself pleaded them in the FAC. Plaintiff cannot escape the extent to which the full product label and the content of the blog post undermine her own claims by omitting or mischaracterizing them in her FAC and then seeking to challenge their admissibility. This is the very conduct the incorporation by reference doctrine is designed to prevent. The Court should consider the two exhibits as incorporated within Plaintiff's own allegations when it rules on Trader Joe's Motion to Dismiss the FAC.

---

[1] Trader Joe's does not offer the blog post as fact—quite the contrary. Trader Joe's argues no reasonable person could rely on the blog post to argue that Trader Joe's engaged in fraud. (*See* Reply in Support of Trader Joe's Mot. to Dismiss at 3–4.)

## II. ARGUMENT

### A. Incorporation by Reference of Plaintiff's Cited Blog Post is Proper

Judicial notice of the LifeIonizers.Com Blog Post ("Blog Post"), attached to Trader Joe's Request for Judicial Notice as Exhibit 2 to the Declaration of Collins Kilgore, is proper under the doctrine of incorporation by reference. The very authority Plaintiff relies on in her objections supports Trader Joe's position. According to the Ninth Circuit in *Khoja v. Orexigen Therapeutics, Inc.*, the incorporation by reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d 988, 1002 (9th Cir. 2018). This is exactly what Plaintiff has done in her FAC. Plaintiff has mischaracterized a portion of the Blog Post for inclusion in her FAC while omitting the document itself. Review of the document makes clear that it does not support the conclusion in the FAC that "[m]ost of the reviewers who tested Trader Joe's Product found it to be at a pH of 6." (*See* FAC ¶ 68); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (stating that the "policy concern underlying" the incorporation by reference doctrine is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"), *overruled by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006); *accord Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

The FAC includes a link to the Blog Post, entitled "Trader Joe's Alkaline Water Fails to test at 9.5 pH: Reviews," which shows that the source from which Plaintiff draws the conclusion about Trader Joe's product is an advertisement by a competitor. (Declaration of Collins Kilgore "Kilgore Decl." Ex. 2 at 3.) For example, Plaintiff's selective description of the Blog Post excludes that the universe

of "reviewers" who allegedly tested Trader Joe's Alkaline Water at a pH less than 9.5 is limited to three individuals—"Mark," "John," and "Kiki Beckler."  (*Id.* at 4–5.)  The purported "reviews" by "Mark" and "John" make no mention of Trader Joe's or the Product at issue, and the latter claims to have tested the product at a pH of only slightly less than 9.5.  (*Id.*)

Courts routinely grant judicial notice of documents in similar circumstances. *See Khoja*, 899 F.3d at 1004–05 (affirming incorporation by reference of several reports, even where plaintiff's complaint only briefly mentioned the reports because the reports formed the basis of plaintiff's claims); *Parrino*, 146 F.3d at 706 (affirming incorporation by reference of the employee health plan when plaintiff based his claims on his coverage under the plan).  Like the reports in *Khoja* and the employee health plan in *Parrino*, the Blog Post cited in Plaintiff's FAC forms the basis of Plaintiff's allegation that Trader Joe's falsely represented the pH level of the Alkaline Water product, (*id.* ¶¶ 11, 65–68), and Plaintiff has not disputed the authenticity the Blog Post found at the web address in her complaint, (*id.* ¶ 68).

**B.     Plaintiff's Objections to Judicial Notice of the Product's Label are Immaterial**

Plaintiff asserts that judicial notice of the label design of Trader Joe's Alkaline Water Product is inappropriate because the label "does not include the expiration date of the Product" and thus violates the "Rule of Completeness." (Plaintiff's Evidentiary Objections and Request to Strike Portions of the Declarations of Matt Sloan and Collins Kilgore ("Pl.'s Evid. Obj.") at 1–2.) Plaintiff also objects to judicial notice because Trader Joe's "offered [the label design] to show how magnesium may offset degradation of the pH of the Product, as referred to in the Motion, p. 13:9-12." (*Id.* at 2.)  These objections are immaterial because the document is not being offered as evidence, but instead to be

treated as part of the allegations in the FAC because the label has been incorporated by reference.[2]

      Plaintiff's allegations stem directly from the representations on the Product's label, but the images of the label in Plaintiff's FAC are incomplete. Trader Joe's is thus entitled to judicial notice of the label design to enable the Court to view all product representations. *See McKinnis v. Gen. Mills, Inc.*, No. CV 07–2521 GAF (FMOx), 2007 WL 4762172, at *3–4 (C.D. Cal. Sept. 18, 2007) (taking judicial notice of product labels where labels attached to the complaint were insufficient); *see also Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13–1138–GW (OPx), 2013 WL 6729802, at *5 n.7 (C.D. Cal. Dec. 16, 2013) (taking judicial notice of product label at motion to dismiss stage); *Samet v. Procter & Gamble Co.*, No. 5:12–CV–01891 PSG, 2013 WL 3124647, at *2 (N.D. Cal. June 18, 2013) (same). The lack of an "expiration date" is immaterial. Trader Joe's submitted the entire contents of the label design which does not include an "expiration date," *see* Fed. R. Evid. 106, and Trader Joe's has not represented that Exhibit 1 is an actual label of one of Trader Joe's Alkaline Water bottles. (*See* Declaration of Matt Sloan ("Sloan Decl") ¶ 2.) Finally, Trader Joe's does not seek judicial notice of the label to show that "magnesium may offset degradation of the pH of the Product," (Pl.'s Evid. Obj. at 2), but rather to "prevent plaintiff[] from selecting only portions of [the

---

[2] In any event, Federal Rule of Evidence 106 supports Trader Joe's position more than Plaintiff's because the image of the Product's label Plaintiff includes in the FAC is incomplete. *See* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."). Moreover, under Rule 106 Plaintiff may ask the Court to consider additional material, but she has declined to do so. *See* Fed. R. Evid. 106 (providing that an adverse party may seek introduction "of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.").

Product's label] that support [her] claims." *Khoja*, 899 F.3d at 1002.[3] For these reasons, judicial notice of Trader Joe's label design is appropriate.

### C. Plaintiff's Other Evidentiary Objections Based on the Federal Rules of Evidence Should Be Overruled

| **Plaintiff's Objections** | **Trader Joe's Responses to Objections** |
|---|---|
| 1. (¶ 2 Kilgore Decl. and accompanying exhibit 2).<br><br>Mr. Kilgore seeks to offer this document as a fact to establish his legal argument.<br><br>Fed. R. Evid. 106, 401, 402, 403, 602, 1002.<br><br>This is an improper submission by a moving party on a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). *Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018). | Trader Joe's does not seek judicial notice of the truth of the matters the Blog Post asserts, *see Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1057 (C.D. Cal. 2008), but rather to ask the Court to treat the Blog Post as though it is "part of the complaint itself" in order to "prevent plaintiff[] from selecting only portions of documents that support [her] claims." *Khoja*, 899 F.3d at 1002.<br><br>**Rule 106** is satisfied because Trader Joe's has introduced a complete computer printout of the Blog Post at the web address provided by Plaintiff in her FAC. (*See* Kilgore Decl. ¶ 2.) Plaintiff does not introduce any other evidence to be considered with the Blog Post under this Rule. *See* Fed. R. Evid. 106.<br><br>**Rules 401, 402, and 403** are satisfied because the Blog Post is clearly relevant; as discussed above, Plaintiff cites to the Blog Post in her FAC and utilizes the Blog Post as factual support for her claim that Trader Joe's falsely represented the pH level of its Product. (*See, e.g.,* FAC ¶¶ 5, 11, 12, 65–68.) Trader Joe's request for judicial notice does not pose a risk of "unfair" prejudice or any other risk because Trader Joe's seeks the Court's full attention to a source Plaintiff has decided to selectively cite to in her FAC and because consideration of the Blog Post is pertinent to this Court's ruling on Trader Joe's Motion to Dismiss.<br><br>**Rule 602** is irrelevant because testimonial evidence is not in issue. Regardless, Collins Kilgore has personal knowledge of the Blog Post as he last visited the site on January 16, 2019. (Kilgore Decl. ¶¶ 1–2.) |

---

[3] The Court may also take judicial notice of the label design under Rule 201 because the label design is "not subject to reasonable dispute" because Plaintiff has not raised a question about the authenticity of its source. *See* Fed. R. Evid. 201(b).

| | | |
|---|---|---|
| | | **Rule 1002** is satisfied because a computer printout of electronically stored information is an "original" for purposes of the rule. Fed. R. Evid. 1001(d) ("For electronically stored information, 'original' means any printout — or other output readable by sight — if it accurately reflects the information.") Additionally, Plaintiff has not raised a "genuine question" about the exhibit's authenticity. *See* Fed. R. Evid. 1003. |
| | 2. (¶ 2 and ¶3 of Sloan Decl. and accompanying exhibit 1). Mr. Sloan seeks to offer evidence of a "label design" that includes everything except "non-substantive changes." Mr. Sloan's declaration is also offered to show how magnesium may offset degradation of the pH of the Product, as referred to in the Motion, p. 13:9-12. <u>Fed. R. Evid. 106, 401, 402, 403, 602, 1002</u>. This label does not include expiration date of the Product, a substantive change not existing on the label offered, and thus, violates the Rule of Completeness. | **Rule 106** is satisfied with respect to the Product's label design for the reasons stated in Section II.B., above.<br><br>**Rules 401, 402, and 403** are satisfied because the label design is relevant to Plaintiff's claims of false representation. (*See, e.g.*, FAC ¶¶ 11–16, 43–49.) There is no risk of unfair prejudice or other risk because Plaintiff refers to the label of Trader Joe's Alkaline Water extensively in the FAC, includes depictions of parts of the label, and relies on statements on Alkaline Water's label as the basis for her claims.<br><br>**Rule 602** is irrelevant because testimonial evidence is not in issue. Regardless, Matt Sloan, as Vice President of Marketing-Product for Trader Joe's, clearly has personal knowledge of Trader Joe's label design. (*See* Sloan Decl. ¶¶ 1–3.)<br><br>**Rule 1002** is satisfied because the label is a computer printout of electronically stored information. *See* Fed. R. Evid. 1001(d). Additionally, Plaintiff has not raised a "genuine question" about the exhibit's authenticity. *See* Fed. R. Evid. 1003. |

### III.  CONCLUSION

For the foregoing reasons, Trader Joe's respectfully requests that this Court take judicial notice of Exhibit 1 to the Sloan Declaration and Exhibit 2 to the Kilgore Declaration included in Trader Joe's Request for Judicial Notice supporting its Motion to Dismiss, or, in the alternative, Motion to Strike Plaintiff's First Amended Complaint.

Dated: February 15, 2019

DAWN SESTITO
R. COLLINS KILGORE
O'MELVENY & MYERS LLP


By: */s/ Dawn Sestito*
    Dawn Sestito
Attorneys for Defendant
TRADER JOE'S COMPANY