**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN, SBN 255747
DONNA R. DISHBAK, SBN 259311
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone:  (310)-279-5269
Facsimile:  (310)-300-0267
E-mail:      blake@lawbl.com

Attorneys For Plaintiff
DANA WEISS AND ALL THOSE
SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DANA WEISS, an individual, and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>TRADER JOE'S COMPANY, a California Corporation; and DOES 1 through 10,<br><br>        Defendants. | Case No. 8:18-cv-01130-JLS-GJS<br><br>**SECOND AMENDED COMPLAINT – CLASS ACTION**<br><br>[DEMAND FOR JURY TRIAL] |

## INTRODUCTION

1.     Plaintiff Dana Weiss ("Plaintiff") brings this action individually and on behalf of a proposed class and subclass ("Class" or "Classes"), as more fully defined below, of similarly situated persons nationwide or in California, seeking to redress the pervasive pattern of fraudulent, deceptive, and false and otherwise improper advertising, sales and marketing practices that the Defendants (as later defined) have engaged in with regarded to their "alkaline" water ("Product" or "Trader Joe's Alkaline Water"). As more fully stated herein, Defendants' schemes or artifices to deceive and mislead Plaintiff and other members of the proposed Classes including Plaintiff and other members of the proposed Classes, into purchasing, at a premium price, tens of millions of dollars' worth of water, which are distributed, marketed, advertised, and or sold by Defendants.

2.     Defendants have repeatedly violated the consumer protection statutes referred to herein by making deceptive promotional claims about their alkaline water products, claims that are false and misleading by competent, reliable scientific evidence. Defendants have claimed that their water is "ionized to achieve the perfect balance," "refresh and hydrate" with hundreds of plus symbols superimposed on the packaging, a universal sign of gaining health, when in reality the Product is no different than drinking any bottled water or tap water.  The make-up of Trader Joe's Alkaline Water does not provide any of the benefits that Defendants say it does.

3.     Defendants prey on consumers by misleadingly claiming that the Product is of alkalinity greater than 9.5+.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1711, et. seq., the Class Action Fairness Act of 2005 because (i) there are 100 or more Class Members, (ii) upon information and belief there is an aggregate amount in controversy exceeding $5,000,000, exclusive of

interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

5.     For the subclass, the Court has original jurisdiction over CAFA and/or supplemental jurisdiction under 28 U.S.C. § 1367.

6.     Venue is proper in this district under 28 U.S.C. § 1391 because Defendants continuously conduct business in this district and a substantial part of the events giving rise to these claims occurred in the Central District of California; Defendants and/or their agents are doing business in California; and/or Defendants are otherwise subject to personal jurisdiction in this judicial district.

## **PARTIES**

7.     Plaintiff Dana Weiss is, and at all times mentioned herein, was a resident of the State of California. Beginning on or about November of 2016, Plaintiff has purchased the Alkaline Water. In initially deciding to purchase the Trader Joe Alkaline water, Plaintiff relied on Trader Joe's claims that the Product was of a pH of greater than 9.5, and that it was ionized to help her achieve perfect "balance." Plaintiff thereafter purchased the Trader Joe Alkaline Water ("Product").  Plaintiff typically purchased the Trader Joe's Alkaline Water at the Trader Joe's in Manhattan Beach, Store No. 106.  Ms. Weiss will be unable to rely on the Product's advertising or labeling in the future based on its level of deception.  Even though Ms. Weiss would like to purchase the Product, she cannot purchase the Product in the future based on the current labeling.

8.     When purchasing the Product, Ms. Weiss was seeking a product that would balance pH internally, and she relied on this contention.  Ms. Weiss also thought that the Product was greater than a pH of 9.5+.

9.     The labeling of the Product, however, was misleading, and had the capacity, tendency, and likelihood to confuse or confound Ms. Weiss and other

consumers acting reasonably (including the putative class), as described in detail herein.

10.    Ms. Weiss acted reasonably in relying on Trader Joe's Claims, which Trader Joe's intentionally placed on the Product labels with the intent to induce ordinary consumers into purchasing the Product.

11.    The Product cost more than similar products without misleading labeling, even the water shelved right next to the alkaline water at Trader Joe's, and would have cost less absent the false and/or misleading claims.

12.    If Trader Joe's was enjoined from making the claims, the market demand and price for its Product would drop, as it has been artificially and fraudulently inflated due to Trader Joe's use of deceptive labeling.

13.    Ms. Weiss paid more for the Product, and would only have been willing to pay less, or unwilling to purchase them at all, absent the misleading claims complained of herein.

14.    For these reasons, the Product was worth less than what Ms. Weiss paid for it, and may have been worth nothing at all.

15.    Defendant Trader Joe's Company ("Trader Joe's") is a privately-held corporation organized and existing under the laws of the State of California with its principal place of business at 800 S. Shamrock Avenue, Monrovia, CA 91016.  Trader Joe's manufactured, marketed, distributed, and advertised and sold Trader Joe's Alkaline water at all times relevant hereto.  Trader Joe's sells hundreds of thousands of bottles water per week in the United States.  Its annual sales for the sale of the product are in the millions.

16.    Plaintiff is ignorant of the true identities and capacities of fictitiously named defendants designated as Does 1-10, but will amend this complaint or any subsequent pleading when their identities and capacities have been ascertained according to proof. On information and belief, each and every Doe defendant is in

SECOND AMENDED COMPLAINT – CLASS ACTION

some manner responsible for the acts and conduct of the other defendants herein, and each Doe was, and is, responsible for the injuries, damages, and harm incurred by Plaintiff. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant, refers also to all of the named defendants and those unknown parties sued under fictitious names.

17.     Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, all of the defendants together were members of a single unincorporated association, with each member exercising control over the operations of the association. Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, each of the defendants was the agent, associate, employee and/or representative of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the authorized course and scope of this agency, association and employment with the full knowledge and consent of the remaining defendants. Plaintiff is further informed and believes and thereon alleges that each and all of the acts herein alleged as to each defendant was authorized and directed by the remaining defendants, who ratified, adopted, condoned and approved said acts with full knowledge of the consequences thereof, and memorialized the authority of the agent in a writing subscribed by the principal.

18.     Plaintiff is informed and believes and thereon alleges that each of the defendants herein agreed among each other to commit the unlawful acts (or acts by unlawful means) described in this complaint. The desired effect of the conspiracy was to defraud and otherwise deprive Plaintiff of her constitutionally protected rights to property, and of her rights under other laws as set forth herein. Each of the defendants herein committed an act in furtherance of the agreement. Injury was caused to the Plaintiff by the defendants as a consequence.

19.     Plaintiff observed and tested that the Product had a pH level of less than 9.5 one week after she purchased the Product in November of 2016.

20.    The testing was performed at the Plaintiff's residence.  The Plaintiff also tested tap water.  The test results were Trader Joe's Alkaline Water at 7.3 pH, and tap water 7.1 pH.

21.    The Plaintiff tested the Product using an appropriate device for ascertaining the pH of liquid substances, a PH-02 "pen type pH meter" made by manufacturer, Zacro.  Plaintiff tested samples more than once.

22.    Most of the reviewers who tested Trader Joe's Product found it to be at a pH of 6, which is acidic. http://www.lifeionizers.com/blog/trader-joes-alkaline-water-fails-test-at-9-5-ph/.

23.    Plaintiff could not have tested the Product when it was bottled because the water is bottled on private property that is not open to the public or available to Plaintiff unless through discovery.

24.    Plaintiff has requested, but has not received, discovery responsive to the inquiry as to whether the Product lacked the 9.5+ representation on a class-wide basis.

25.    Based on reviews surveyed in the public domain, articles, and her own personal testing, Plaintiff asserts upon information and belief, that Trader Joe's did not meet this representation on a class-wide basis.

26.    Plaintiff is unable to conduct the specific expert testing and prepare an expert report on these contentions until she is granted access to the source of production, and she receives the information requested in discovery.  Then Plaintiff's expert can also test the degradation of alkaline water, which occurs over time, and after the water is bottled.  Degradation of pH ions is an accepted fact, such that the longer the Product sits on the shelves, the more pH will be lost.  Additional pH is lost from the time the water is purchased to when it is consumed.

27.    The Product contains labeling "exp:_____" with a date that on information and belief, is uniformly two years after the date of purchase.

28.    The alleged alkalinity of 9.5+ degrades and diminishes such that it is materially below 9.5 less than a year after purchase (the expiration) date.

29.    The "9.5+" representation is implied to the consumer that such alkalinity will last for a reasonable time through consumption, as there is no counter-inference or designation on the bottle such as "good if used through [date]."

30.    A reasonable consumer will believe that the Product will maintain its alkalinity a reasonable time after it is sourced and manufactured through point of purchase, and a reasonable amount of time thereafter for consumption.

31.    A reasonable consumer will believe that the Product not expiring within two years will mean the Product will maintain its alkalinity of 9.5+ for two years.

32.    Plaintiff relied on this representation when she purchased the Product.  In actuality, the representation was false.

## TRADER JOE'S ALKALINE WATER

33.    Trader Joe's falsely claims "pH 9.5+." That particular statement was made on the packaging of the Product in Figure No. 1 and Figure No. 2.

34.    The scale on the back of the packaging including the "pH 9.5+" representation is also false and misleading.

FIGURE NO. 1                           FIGURE NO. 2 (other side of packaging)



SECOND AMENDED COMPLAINT – CLASS ACTION

35.    Defendants' product does not even maintain or have alkalinity represented on the packaging of 9.5+ when bottled or sold.  The Product is more acidic than as represented.

36.    Such deceptive conduct and practices mean that Defendants' advertising and marketing is not just puffery, but is instead deceptive and is therefore, actionable.

37.    Defendants take advantage of every marketing avenue the modern age has opened to them in order to ensure that the false and deceptive marketing message permeates the general consumer consciousness.  Defendants use advertising, internet marketing, and social media, as well as glossy print through the "Fearless Flyer." But no matter which marketing avenue reaches a consumer, Defendants' drive home the same false and deceptive claims of superior results from drinking alkaline branded water through all the advertising mediums vis-à-vis normally sourced water.

38.    As a result of the foregoing, Defendants' claims regarding Trader Joe's Alkaline water are deceptive and misleading.  Had Plaintiff and other members of the proposed Classes been aware of the truth about Trader Joe's Alkaline Water, they would not have purchased Trader Joe's Alkaline Water, and would not have paid a premium price for the Trader Joe's Alkaline Water.

39.    Indeed, Defendants were in a superior position to know and did know that its claims and advertisements were deceptive and false and they failed to inform consumers that their Trader Joe's Alkaline branded water cannot perform as advertised and promised.

40.    Instead, Defendants allow their deceptive and misleading marketing to permeate the consumer advertising consciousness and perpetuate Defendants' false claims and promises.

41.    Defendants were also in a superior position to know about the alkalinity of its water at the date of sourcing, distribution, purchase, and intended consumption.

42.     Because of such deceptive practices and conduct, Defendants are able to charge and get a substantial premium for their products over readily available and much lower priced sources of water that provide the same or substantially the same results. Thus, Defendants reap profits on products where consumers are induced to pay an unwarranted, substantial premium.

43.     All conditions precedent necessary for filing of this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendants. Plaintiff has served a letter on the Defendants under Consumer Legal Rights Act prior to commencing this action, which is attached to this FAC.

44.     Trader Joe's represents on the packaging that it "dist. [distributes & sold [sells]," and its agent sources the water, yet Trader Joe's and its agents impermissibly do not maintain a report for the Product.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action on behalf of herself and on behalf of a Nationwide Class and California Subclass of other similarly situated persons pursuant to Fed. R. Civ. Proc. 23(a), 23(b)(2), and/or 23(b)(3).   Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Classes may be expanded or narrowed.   The proposed Classes are as follows:

> *UCL-Multistate Class*: All persons who, within the applicable statute of limitations period, purchased Trader Joe Alkaline Water in States with UCL or comparative consumer protection statutes, until the date notice is disseminated.

> *California Subclass*: All California persons who, within the applicable statute of limitations period, purchased Trader Joe Alkaline Water until the date notice is disseminated.

46.     Excluded from the Classes are (1) Defendants, Defendants' subsidiaries, affiliates, officers, agents, directors, assigns and successors, and any entity which

Defendants have a controlling interest; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family; (3) anyone who purchased the Trader Joe's Alkaline Water branded bottled water for the purpose of resale; (4) anyone asserting a claim for personal injury.  Plaintiff reserves the right to modify the Class and Subclass definitions as further investigation and/or discovery so warrant.

47.    This action has been brought and may be properly maintained as a class action pursuant to Fed. R. Civ. Proc. 23 and case law thereunder.

48.    **Numerosity**: The members of the Classes are so numerous that joinder of all members is impracticable.  Plaintiff reasonably believes that the Classes are comprised of tens of thousands of consumers throughout the United States.

49.    **Commonality**:  Common questions of law and fact exist as to all members of the Classes.  These common questions predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to the following:

- whether Defendants' claims regarding Trader Joe's Alkaline Water brand water are deceptive and misleading;
- whether Defendants engaged in false and misleading advertising;
- whether Defendants' conduct as alleged herein violates the California Consumer Legal Remedies Act and California's unfair competition law;
- whether Defendants' conduct as alleged herein constitutes a breach of warranty;
- whether Defendants' conduct as alleged herein constitutes unjust enrichment;
- whether Plaintiff and the class members have sustained monetary loss and the proper measure of that loss; and
- whether Plaintiff and the Class members are entitled to declaratory

relief.

These and other questions of law and fact which are common to the members of the Class and predominate over any questions affecting only individual members of the Class.

50. **Typicality**:  Plaintiff's claims are typical of the claims of the members of the Classes, as all Class members are similarly affected by Defendants' wrongful conduct.   Plaintiff, like other members of the Classes, purchased the Trader Joe's Alkaline branded water after exposure to the same material misrepresentations and/or omissions appearing on the product packaging and on or in Defendants' marketing and advertising, and received a product that was not represented.   Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Classes.

51. **Adequacy**:  Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class.  Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

52. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions.   Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

53. This suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(2) because Defendants have acted, and/or refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendants to: (i) discontinue advertising, marketing, packaging and otherwise representing Trader Joe's Alkaline branded water; and (ii) to correct any erroneous impression consumers may

have derived concerning the nature, characteristic, or qualities of the Trader Joe's Alkaline branded water, including without limitation, the placement of corrective advertising and providing written notice to the public.  Plaintiff

54.   In addition, this suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the Classes individually to redress effectively the wrongs done to them.  Even if the members of the Classes could afford such litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individually litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the class action device presents no management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

## <u>COUNT I</u>

**Breach of Express Warranty**

**(Asserted on Behalf of Nationwide Class and California Subclass against all Named Defendants and DOES 1-10)**

55.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.   Plaintiff, and each member of the Class, formed a contract with Defendants at they time they purchased Defendants' Trader Joe's Alkaline Water bottled water.  The terms of that contract include the promises and affirmations of fact made by Defendants on the labels of Defendants' alkaline water and through the

advertising and marketing campaign, as alleged above, specifically the "pH 9.5+." The Trader Joe's Alkaline branded water labeling and advertising constitute express warranties, are part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Classes, on the one hand, and Defendants, on the other.

57.     Alternatively, privity was established between Defendants and Plaintiff and Class Members because Defendants, and/or their agents, were substantially, if not completely responsible for directly promoting and marketing Defendants' Trader Joe's Alkaline branded water to Plaintiff and Class Members and Plaintiff and Class Members were directly promoted to and marketed to by Defendants prior to purchasing Defendants' Trader Joe's Alkaline branded water, resulting in the purchase of Defendants' Trader Joe's Alkaline branded water by Plaintiff and the Class members. By virtue of this direct promotion and marketing to Plaintiff and Class Members, Defendants directly made an express warranty of the Trader Joe's Alkaline Water brand water's attributes and benefits to Plaintiff and the Class Members.

58.     All conditions precedent to Defendant's liability under the warranty have been performed by Plaintiff and the Classes.

59.     Defendant breached the terms of the express warranty by not providing a product that provided the characteristics promised. The statements made by Defendants that warranted Defendants' claims of the Trader Joe's Alkaline Water having a superior nature of pH of 9.5+, attributes and benefits were not "puffery" or mere opinion – they were statements affirmations of specific benefits and superior performance over alternative and lower priced sources of water, allegedly based on scientific study.

60.     Specifically, Trader Joe's falsely claims "pH 9.5+" even though the actual pH at the time of purchase and consumption was far less on the pH scale for Plaintiff.  Plaintiff has pled the particulars of her testing, and her review of the support

for these contentions in the factual section, which are incorporated herein.

61.    Plaintiff's reliance was reasonable in that "pH 9.5+" is a warranty that the water will at a pH of 9.5 or greater when it is reasonably consumed within consumer expectations."

62.    Defendant breached the various warranties made in the on-label and off-label representations by not providing a product of "pH of 9.5+" at the time of consumption.

63.    The breaches of the warranty proximately caused Plaintiff's injury.

64.    As a result of Defendants' breaches of warranty, Plaintiff and the Classes have been damages and injured in the amount of the purchase price of Defendants' Trader Joe's Alkaline branded water they purchased, and have suffered other damages to be determined by proof at trial.

**<u>COUNT II</u>**

**Unjust Enrichment**

**(Asserted on Behalf of Nationwide Class and California Subclass against all Named Defendants and DOES 1-10)**

65.    Plaintiff incorporates by reference all of the above paragraphs of this

66.    Complaint as though fully stated herein.

67.    This claim is asserted in the alternative on behalf of Plaintiff and Class members to the extent that any contracts do not govern the entirety of the subject matter of the dispute with Defendants.

68.    Plaintiff and Class members conferred a tangible economic benefit upon Defendants by purchasing the Trader Joe's Alkaline branded water.  Plaintiff and Class members would have expected remuneration from Defendants at the time this benefit was conferred had they know that the Trader Joe's Alkaline branded water did not perform as promised.

69.    As a direct and proximate result of Defendants' misconduct as set forth

14

SECOND AMENDED COMPLAINT – CLASS ACTION

above, Defendants have been unjustly enriched at the expense of Plaintiff and the Class members.

70.   It would be inequitable for Defendants to retain profits, benefits and other compensation obtained by its wrongful conduct in marketing and selling of the Trader Joe's Alkaline Water.

71.   Plaintiff, on behalf of herself and Class members, seeks restitution from Defendants, and an order of this Court disgorging all profits, benefits and other compensation obtained by Defendants from their wrongful conduct.

## **<u>COUNT III</u>**

**Violations of Consumer Legal Remedies Act and Various Consumer Protection Acts of Other States**

**(Asserted on Behalf of Nationwide Class and California Subclass against all Named Defendants and DOES 1-10)**

72.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73.   This is a claim for relief under the Consumer Legal Remedies Act, as well as the various Consumer Protection Acts of the jurisdiction in which Class Members are present and purchased Trader Joe's Alkaline Water, including but not limited to:

        a.   Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;

        b.   Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;

        c.   Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;

        d.   Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;

e.    Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;

f.    Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;

g.    District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;

h.    Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes* § 501.201, *et. seq.*;

i.    Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;

j.    Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;

k.    Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;

l.    Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;

m.    Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;

n.    Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;

o.    Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;

p.    Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;

q.    Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;

SECOND AMENDED COMPLAINT – CLASS ACTION

r.   Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;

s.   Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;

t.   Mississippi Consumer Protection Act, Miss. Code An.. §§ 75-24-1, *et. seq.*;

u.   Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;

v.   Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;

w.   Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;

x.   Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;

y.   New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;

z.   New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;

aa.   New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;

bb.   New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349 and 350 *et. seq.*

cc.   North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;

dd.   Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;

ee.  Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;

ff.  Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

gg.  Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;

hh.  South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;

ii.  South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;

jj.  Tennessee Consumer Protection ct, Tenn. Code Ann. § 47-18-101 *et. seq.*;

kk.  Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;

ll.  Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;

mm.  West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;

nn.  Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*

("Consumer Protection Acts").

74.  The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this FAC, including but no limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of Trader Joe's Alkaline Water constitute violation of the provision of the CLRA and the various Consumer Protection Acts.

75.  The Defendants' unconscionable, unfair, and deceptive acts and practices

set forth in this Complaint are likely and reasonably foreseeable to mislead Plaintiff and members of the Class and Subclass acting reasonably in their reliance on defendant's acts and practices, and to their detriment.

76.    The Defendants engaged in the unconscionable, unfair, and deceptive acts or practices set forth in this Complaint in the conduct of trade or commerce.

77.    The Defendants' misrepresentations or omissions as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff and Class Members regarding Defendants' products.

78.    The Defendants' business practice, in its advertising, marketing, packaging, labeling, and sales of its Trader Joe's Alkaline Water as unique and superior products justifying substantially higher prices over alternative sources of water, such as normal bottled water, is an unconscionable, unfair, and deceptive act or practice, in violation of the CLRA (and other Consumer Protection Acts), in that it (1) offends established public policy, (2) is immoral, unethical, oppressive, or unscrupulous, and/or (3) is substantially injurious and caused actual damages to consumers, including Plaintiff and Class Members who purchased Defendants' Trader Joe's Alkaline Water because of Defendants' representations and conduct.

79.    Plaintiff and Class Members have suffered actual damages as a result of Defendants' violation of the CLRA and the various Consumer Protection Acts and are entitled to relief.

80.    As a direct and proximate cause of Defendants' violations of the CLRA and the various Consumer Protection Acts, Plaintiff and Class Members have incurred harm and damages as described herein are entitled to recover for those damages, including but not limited to, actual damages, costs, attorneys' fees, and injunctive relief, pursuant to California law, and the various Consumer Protection Acts.

## **COUNT IV**

(Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et. seq.*)

(Asserted on Behalf of Nationwide Class and California Subclass against all Named Defendants and DOES 1-10)

81.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

82.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

83.     The acts, omissions, misrepresentations, practices, and non-disclosures of Trader Joe's as alleged herein constitute business acts and practices.

84.     A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test. As set forth herein, Trader Joe's claims relating to The Alkaline Water Product is likely to deceive reasonable consumers and the public.

Unlawful

85.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

• The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et. seq.;

• The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et. seq.;

• The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et. seq., and specifically § 343(a) (prohibiting food labeling that is "false or misleading in any particular"); and

• The California Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety Code §§ 109875 et. seq.

Unfair

86.    Trader Joe's conduct with respect to the labeling, advertising, and sale of the Alkaline Water Product is unfair because Trader Joe's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

87.    Trader Joe's conduct with respect to the labeling, advertising, and sale of the Alkaline Water Products was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the False Advertising Law.

88.    Trader Joe's conduct with respect to the labeling, advertising, and sale of the Alkaline Water Products was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

89.    Trader Joe's conduct was unfair and unreasonable in that it has known that scientifically, the claims made are affirmatively false, and impossible to produce the represented result both in pH number, and in represented benefits.

90.    Trader Joe's profited from its sale of the falsely, deceptively, and unlawfully advertised Alkaline Water Products to unwary consumers.

91.    Plaintiff and Class Members are likely to be damaged by Trader Joe's continued deceptive trade practices, as Trader Joe's continues to falsely advertise and sell the Alkaline Water Products. Thus, injunctive relief enjoining this deceptive practice is proper.

92.    Trader Joe's conduct caused and continues to cause substantial injury to plaintiff and the other Class Members, who have suffered injury in fact as a result of Trader Joe's unlawful conduct.

93.    In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself, the Class, and the general public, seeks an order enjoining Trader Joe's from

continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

94.     Plaintiff, on behalf of herself and the Class also seeks an order for disgorgement and restitution of all monies from the sale of the Alkaline Water Products, which were unjustly acquired through acts of unlawful competition.

## **COUNT V**

(Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et. seq.*)

(Asserted on Behalf of Nationwide Class and California Subclass against all Named Defendants and DOES 1-10)

95.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

96.     Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

97.     As alleged herein, the advertisements, labeling, policies, acts, and practices of Trader Joe's relating to the Product misled consumers acting reasonably as to whether the Product provided alkalinity of "9.5+," even though the "Alkaline water" is significantly more expensive.

98.     Plaintiff suffered injury in fact as a result of Trader Joe's actions as set forth herein because Plaintiff purchased the Product in reliance on Trader Joe's false and misleading marketing claims that the Product was a pH of 9.5+.

99.     Trader Joe's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Trader

1   Joe's has advertised the Product in a manner that is untrue and misleading, which

2   Trader Joe's knew or reasonably should have known.

3       100.   Trader Joe's profited from its sales of the falsely and deceptively

4   advertised Alkaline Water Products to unwary consumers.

5       101.   As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the

6   Class are entitled to injunctive and equitable relief, restitution, and an order for the

7   disgorgement of the funds by which Trader Joe's was unjustly enriched.

8                                    **COUNT VI**

9       (Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314)

10  (Asserted on Behalf of Nationwide Class and California Subclass against all Named

11                           Defendants and DOES 1-10)

12      102.   Plaintiff realleges and incorporates the allegations elsewhere in the

13  Complaint as if set forth in full herein.

14      103.   Trader Joe's, through its acts set forth herein, in the sale, marketing, and

15  promotion of the Alkaline Water Product, made representations to Plaintiff and the

16  Class that, among other things, the Product has alkalinity of 9+.

17      104.   As pled above, Trader Joe's represents its water is "alkaline water," when

18  this is false in that water highly charged with electrolysis is not considered in science

19  to be "alkaline water."   Thus, this representation is affirmatively false in the

20  alternative in that the implication is that the water is balanced by electrolysis when

21  this is false.

22      105.   Next, Trader Joe's falsely claims "pH 9.5+" even though the actual pH at

23  the time of purchase and consumption was far less on the pH scale for Plaintiff.

24  Plaintiff has pled the particulars of her testing, and her review of the support for these

25  contentions in the factual section, which are incorporated herein.

26      106.   The exact terms of the warranty are "pH +9.5."

27      107.   Plaintiff and Class Members relied on these representations by

Defendants in purchasing Trader Joe's Alkaline branded water instead of less expensive, but equally or more effective water.

108.   Plaintiff's reliance was reasonable in that "pH 9.5+" is a warranty that the water will at a pH of 9.5 or greater when it is reasonably consumed within consumer expectations."

109.   Defendant breached the various warranties made in the on-label and off-label representations by: (a) not providing a product of "pH of 9.5+".

110.   The breaches of the warranty proximately caused Plaintiff's injury.

111.   Trader Joe's is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

112.   However, Trader Joe's breached that implied warranty in that the does not create the perfect balance, and does not create any health benefit, as set forth in detail herein.

113.   As an actual and proximate result of Trader Joe's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Trader Joe's to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods, in violation of Cal. Com. Code § 2314(2)(f).

114.   Plaintiff notified Trader Joe's of the breach prior to filing, but Trader Joe's failed to rectify the breach.

115.   As a result, plaintiff seeks, on behalf of herself and other Class Members, actual damages arising as a result of Trader Joe's breaches of implied warranty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all members of the Classes defined herein, prays for judgment as follows:

a.   Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Classes and her counsel

1   as Class counsel;

2   b.   A temporary, preliminary and/or permanent order for injunctive relief

3        requiring Defendants to: (i) discontinue advertising, marketing,

4        packaging and otherwise representing Trader Joe's Alkaline branded

5        water as having a property through a certain date that it does not have;

6        (ii) undertake an immediate public information campaign to inform

7        members of the proposed Classes as to the prior practices; and (iii) to

8        correct any erroneous impression consumers may have derived

9        concerning the nature, characteristics, or qualities of Trader Joe's

10       Alkaline branded water, including without limitation, the placement of

11       corrective advertising and providing written notice to the public;

12   c.   An order requiring imposition of a constructive trust and/or disgorgement

13       of Defendants' ill-gotten gains and to pay restitution to Plaintiff and all

14       members of the Classes and to restore to the Plaintiff and members of the

15       Classes all funds acquired by means of any act or practice declared by

16       this Court to be an unlawful, fraudulent or unfair business act or practice,

17       a violation of laws, statute or regulations, or constituting unfair

18       competition or false advertising;

19   d.   Distribution of any moneys recovered on behalf of members of the

20       Classes via fluid recovery or *cy pres* recovery where necessary and as

21       applicable, to prevent Defendants from retaining the benefits of their

22       wrongful conduct;

23   e.   Compensatory and other damages for economic and non-economic

24       damages identified herein, including all damages allowed by governing

25       statutes;

26   f.   Statutory pre-judgment and post-judgment interest on any amounts;

27   g.   Reasonable attorneys' fees as may be allowable under applicable law;

h.    Costs of this suit; and

i.    Such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  December 11, 2018          By: */s/ Blake J. Lindemann*

**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN, SBN 255747
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone:  (310)-279-5269
Facsimile:   (310)-300-0267
E-mail:      blake@lawbl.com

Attorneys For Plaintiff
DANA WEISS AND ALL THOSE SIMILARLY
SITUATED

SECOND AMENDED COMPLAINT – CLASS ACTION

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated:  March 20, 2019  By: */s/ Blake J. Lindemann*
_____

**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN, SBN 255747
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone:  (310)-279-5269
Facsimile:   (310)-300-0267
E-mail:      blake@lawbl.com

Attorneys For Plaintiff
DANA WEISS, AND ALL THOSE SIMILARLY
SITUATED

**PROOF OF SERVICE**

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210.

On March 20, 2019, I served the foregoing document as follows:

**SECOND AMENDED COMPLAINT – CLASS ACTION**

[X] by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

[  ] by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on March 20, 2019, at Beverly Hills, California.

By: _/s/ Nataly Grande_____
Nataly Grande